STATE OF NEBRASKA, APPELLEE, V.
MARK A. BANES, APPELLANT.

688 N.W.2d 594

Filed November 12, 2004. No. S-03-297.

Kevin V. Schlender for appellant.

Jon Bruning, Attorney General, Susan J. Gustafson, and J. Kirk Brown for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
We granted the State's petition for further review in this case to consider the proper method of calculating credit for time served in presentence confinement where a defendant receives concurrent sentences of differing terms in contemporaneous but unrelated criminal prosecutions. Although for different reasons than those articulated by the Nebraska Court of Appeals in its decision in *State v. Banes*, No. A-03-297, 2004 WL 503100 (Neb. App. Mar. 16, 2004) (not designated for permanent publication), we affirm.

## STATEMENT OF FACTS
On March 22, 2002, Mark A. Banes was arrested on two counts of first degree sexual assault (the felony case). Banes was incarcerated on these charges from March 22 until April 19, when his mother posted bond and Banes was released. Banes remained free from April 19 until June 11. On June 11, Banes was arrested on new and unrelated charges of one count of first degree sexual assault and one count of third degree sexual assault (the misdemeanor case). The misdemeanor case involved a different victim. Banes did not post bond.

On June 17, 2002, Banes' mother filed a request seeking a refund of the bond money she had posted to gain Banes' release in the felony case. The district court granted her request the same day.

On September 25, 2002, Banes entered a guilty plea in the felony case to an amended information charging him with attempted sexual assault in the second degree, a Class IIIA felony. Also on September 25, Banes entered a guilty plea in the misdemeanor case to an amended information charging him with contributing to the delinquency of a minor, a Class I misdemeanor.

On February 18, 2003, Banes was sentenced in each case. In imposing sentence in the felony case, the district court sentenced Banes to incarceration for a period of 20 months to 4 years. The judgment in the felony case granted Banes "credit for all jail time already served solely attributable to this case." In the misdemeanor case, the district court sentenced Banes to incarceration for a period of not less than 1 year and not more than 1 year. The judgment in the misdemeanor case provided that the sentence therein "be served concurrently with the sentence" in the felony case. The judgment further provided for "jail credit beginning with [Banes'] arrest on June 11, 2002."

On February 26, 2003, Banes filed a motion in the felony case captioned "Motion to Determine Credit for Time Served." In this motion, Banes requested the district court "to determine the amount of credit for time served" in the felony case. Specifically, Banes requested that the court grant him "credit for time served from March 22, 2002 to April 19, 2002 . . . and June 17, 2002 to February 18, 2003." On March 4, 2003, the court entered an order in this felony case in which it granted Banes credit for time served from March 22 through April 19, 2002, a period of 29 days, but did not grant credit for time served on or after June 17 until sentencing on February 18, 2003.

On March 19, 2003, Banes appealed his sentence in the felony case to the Court of Appeals. Banes assigned as error the district court's failure to grant him credit for the time he served while he was incarcerated after his bond was refunded on June 17, 2002, through sentencing. Banes did not file an appeal in the misdemeanor case, and that case is not before us.

In an unpublished opinion filed March 16, 2004, the Court of Appeals reversed the sentencing order in the felony case. *State v. Banes*, No. A-03-297, 2004 WL 503100 (Neb. App. Mar. 16, 2004) (not designated for permanent publication). Referring to Neb. Rev. Stat. § 83-1,106(1) (Reissue 1999), the Court of Appeals concluded that the district court had abused its discretion in granting Banes credit for only 29 days in the felony case. The Court of Appeals reasoned that when concurrent sentences are imposed, under the language of the statute, Banes should "have been allowed a credit for the time he served from June 17, 2002, until February 18, 2003, in both" the felony case and the misdemeanor case. *State v. Banes*, 2004 WL 503100 at *2. The Court of Appeals reversed the district court's sentencing order and remanded the cause with directions to grant Banes credit in the felony case for the additional time he served from June 17, 2002, the date his bond was released, until February 18, 2003, the date of his sentencing, a period of 246 days.

The State filed a petition for further review on April 13, 2004, challenging the Court of Appeals' decision that reversed the district court's ruling with regard to the presentence incarceration credit Banes was entitled to receive in the felony case. We granted the State's petition for further review.

## ASSIGNMENT OF ERROR

In its petition for further review, the State assigns one error. The State claims, restated, that the Court of Appeals erred in determining that Banes was entitled to credit against his sentence in the felony case for the time he served from June 17, 2002, until February 18, 2003.

## STANDARDS OF REVIEW

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Losinger, ante* p. 660, 686 N.W.2d 582 (2004). An abuse of discretion in imposing a sentence occurs when a sentencing court's reasons or rulings are clearly untenable and unfairly deprive the litigant of a substantial right and a just result. *Id.*

Interpretation of a statute presents a question of law, for which an appellate court has an obligation to reach an independent

conclusion irrespective of the decision made by the court below. *State v. Aguilar, ante* p. 411, 683 N.W.2d 349 (2004).

## ANALYSIS

In the instant case, the district court sentenced Banes to 20 months' to 4 years' imprisonment in the felony case. The district court thereafter sentenced Banes to no less than 1 year and no greater than 1 year in prison in the misdemeanor case. The sentence in the misdemeanor case was ordered to be served concurrent with the sentence imposed in the felony case. On appeal, the issue presented in the felony case is what credit should have been given to Banes for the presentence incarceration that resulted from the charge for which his felony sentence was actually imposed. Resolution of this issue involves construction of § 83-1,106.

We have stated that penal statutes are to be strictly construed against the government. See, *State v. Baker*, 264 Neb. 867, 652 N.W.2d 612 (2002); *State v. White*, 254 Neb. 566, 577 N.W.2d 741 (1998). Additionally, penal statutes are to be given a sensible construction in the context of the object sought to be accomplished, the evils and mischiefs sought to be remedied, and the purpose sought to be served. *State v. Aguilar, supra.* Finally, we have recognized that with regard to penal statutes, it is not within the province of the courts to read a meaning into a statute that is not there. *State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998).

The outcome of this case is controlled by § 83-1,106. Section 83-1,106(1) provides:

> Credit against the maximum term and any minimum term shall be given to an offender for time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. This shall specifically include, but shall not be limited to, time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to delivery of the offender to the custody of the Department of Correctional Services, the county board of corrections, or, in counties which do not have a county board of corrections, the county sheriff.

■ Section 83-1,106 was amended in 1988. Prior to its amendment, § 83-1,106 provided that credit for time served "may be given." Neb. Rev. Stat. § 83-1,106(1) (Reissue 1987). Under the prior version of § 83-1,106(1), the courts had discretion in awarding credit for time served, except where the statutory maximums were exceeded. *State v. Von Dorn*, 234 Neb. 93, 449 N.W.2d 530 (1989). In 1988, the statute was amended, changing "may be given" to "shall be given." The overriding effect of the 1988 amendment is that a court must give credit for time served on a charge when a prison sentence is imposed for that charge. See *State v. Sanchez*, 2 Neb. App. 1008, 1011, 520 N.W.2d 33, 35 (1994) (stating that as amended, § 83-1,106(1) "requires the sentencing court to grant credit for time served against a defendant's sentence"). Contrariwise, if an offender serves time in jail on a charge for which there is no conviction or sentence, no credit is given for that time served. See *State v. Heckman*, 239 Neb. 25, 473 N.W.2d 416 (1991).

Because § 83-1,106(1) mandates that credit for time served must be given for time spent in custody on a charge when a prison sentence is imposed for such charge, we examine Banes' presentence incarceration to determine how to effectuate the objective of § 83-1,106(1). Banes' presentence incarceration can be divided into three time periods. The first time period concerns Banes' incarceration in the felony case from March 22 to April 19, 2002. This period consists of 29 days. Banes' incarceration during the first time period was solely as a result of the charges in the felony case. In sentencing Banes in the felony case, the district court gave Banes credit for this 29-day period of presentence incarceration, and the State does not dispute this ruling.

The second time period began on June 11, 2002, and extended to June 17, during which period Banes was incarcerated due to the misdemeanor case. This period consists of 6 days. Banes' incarceration during this second time period is solely attributable to the charges in the misdemeanor case. Given the State's assignment of error on further review, we understand that the State does not object to credit from June 11 to 17 being given solely to the misdemeanor case.

The third time period began on June 17, 2002, with the refund to Banes' mother of the bond she posted in the felony case, and

extended to February 18, 2003, the date of sentencing in each case. With respect to this period of presentence incarceration, the Court of Appeals reasoned that Banes should have been allowed credit in "both" cases for this third period, and thus, the Court of Appeals decided that the district court had abused its discretion in failing to give Banes credit in the felony case for his incarceration from June 17, 2002, to February 18, 2003. It is this third time period of presentence incarceration that is the focus of our analysis.

On further review, the State urges us to rely on § 83-1,106(4) and to reverse the Court of Appeals' decision. We note, as has the State, that subsection (4) anticipates the circumstance involving allocation of credit for a period of presentence incarceration while more than one case is proceeding. Section 83-1,106(4) provides as follows:

> If the offender is arrested on one charge and prosecuted on another charge growing out of conduct which occurred prior to his or her arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge which has not been credited against another sentence.

Noting that § 83-1,106(1) requires the sentencing court to grant credit when a sentence is imposed, we read § 83-1,106(4) as requiring that such credit shall be given which has not otherwise been applied, and the import of this subsection is that all credit available due to presentence incarceration shall be applied, but only once. Looking at the text of § 83-1,106(4), and given our case involving two arrests in two matters, we observe that the scenario outlined in the language of the subsection does not literally provide for our set of facts relative to the third time period, and it is not within the province of the courts to read a meaning into a penal statute that is not there. *State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998). We must nevertheless give § 83-1,106(4) a sensible application in the context of the objective sought to be accomplished and the purpose sought to be served by the statute. *State v. Aguilar, ante* p. 411, 683 N.W.2d 349 (2004).

Under our statutes, an offender shall be given credit for time served as a result of the charges that led to the sentences;

however, presentence credit is applied only once. § 83-1,106(1) and (4). In *State v. Sanchez*, 2 Neb. App. 1008, 1014, 520 N.W.2d 33, 37 (1994), albeit in a case involving one matter, the Court of Appeals recognized that when credit is calculated for concurrent sentences, the longest sentence determines the offender's actual length of time in prison, and credit is "in effect" given to each sentence. Thus, when concurrent sentences are imposed, the credit is applied once, and the credit applied once, in effect, is applied against each concurrent sentence. This approach is commonly followed under statutes the purposes of which are similar to those in Nebraska. See, e.g., *Valle v. Com'r of Correction*, 45 Conn. App. 566, 696 A.2d 1280 (1997), *reversed on other grounds* 244 Conn. 634, 711 A.2d 722 (1998) (involving two matters and concurrent sentences in which credit was given to longest sentence). In this regard, the Supreme Court of Colorado has stated:

> If . . . multiple counts or cases are concurrently filed against a defendant in the same jurisdiction, and the defendant remains confined in that jurisdiction on all charges due to his inability to post bail, each charge would appropriately be considered a cause of the defendant's presentence confinement. . . . In the case of concurrent sentences, the period of presentence confinement should be credited against each sentence. This is so because concurrent sentences obviously commence at the same time and in a functional effect result in one term of imprisonment represented by the longest of the concurrent sentences imposed.

(Citation omitted.) *Schubert v. People*, 698 P.2d 788, 795 (Colo. 1985). See, similarly, *Johnson v. State*, 89 P.3d 669, 671 (Nev. 2004) (stating that "overwhelming majority of states," when apportioning credit for time served in presentence confinement arising from one matter, adhere to principle that credit is given once, but when concurrent sentences are imposed, credit is effectively applied against each concurrent sentence, because longest term of concurrent sentence determines time in jail). See, also, *State v. Tauiliili*, 96 Haw. 195, 29 P.3d 914 (2001).

Applying the foregoing principles to the facts in our case, it is apparent the Court of Appeals erred in its reasoning when it stated that Banes should have been "allowed a credit for the time

he served from June 17, 2002, until February 18, 2003, in both [cases]." *State v. Banes*, No. A-03-297, 2004 WL 503100 at *2 (Neb. App. Mar. 16, 2004) (not designated for permanent publication). Credit is to be given to only one sentence in one case, although we recognize that when an offender has received concurrent sentences, the "effect" is that credit is applied against each sentence. See *State v. Sanchez, supra*.

When analyzing the periods of time served by Banes in presentence incarceration, § 83-1,106 requires the following outcome: Banes' first time period of presentence incarceration, from March 22 to April 19, 2002, is credited against his sentence in the felony case. Banes' second time period of presentence incarceration, from June 11 to 17, 2002, is credited against his sentence in the misdemeanor case. Banes' third time period of presentence incarceration, from June 17, 2002, until sentencing on February 18, 2003, is credited to his sentence in the felony case.

As the Court of Appeals correctly noted, the district court abused its discretion in failing to give Banes full credit against his felony sentence for the presentence time he served in custody as a result of the charges that led to that sentence. Although the reasoning of the Court of Appeals was incorrect in part, the Court of Appeals' decision reversing the district court's sentence in the felony case and remanding the cause with directions that Banes should be given credit in the felony case for time served from June 17, 2002, until February 18, 2003, was correct.

## CONCLUSION

Banes was entitled to credit for presentence detention from June 17, 2002, to February 18, 2003, against only his felony sentence and not against the sentence in the misdemeanor case, and we therefore disagree with the Court of Appeals' statement that Banes was entitled to credit in "both" the felony and misdemeanor cases for this time period. However, we agree with the Court of Appeals' decision that the district court abused its discretion in failing to give Banes credit in the felony case for presentence time served from June 17, 2002, to February 18, 2003. Thus, for reasons other than those articulated by the Court of Appeals, we affirm the decision of the Court of Appeals, which reversed the district court's decision and remanded the cause with

directions to grant Banes credit in the felony case for additional time served.

AFFIRMED.

WRIGHT, J., concurs in the result.