IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. FALKNER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JASPER E. FALKNER, APPELLANT.

Filed October 19, 2021.    Nos. A-21-266, A-21-267.

Appeals from the District Court for Hall County: ANDREW C. BUTLER, Judge. Affirmed as modified.

Gerard A. Piccolo, Hall County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

RIEDMANN, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

INTRODUCTION

Jasper E. Falkner pled no contest to one count of possession of a deadly weapon by a prohibited person in case No. A-21-266, and one count of attempted distribution of a controlled substance in case No. A-21-267. The Hall County District Court sentenced him to 7 to 12 years' imprisonment on the possession of a weapon charge and 6 to 10 years' imprisonment on the attempted distribution charge, with the sentences to be served concurrently. Falkner claims the district court imposed excessive sentences. The State contends there is plain error with respect to the credit given to Falkner for time already served. We affirm as modified.

BACKGROUND

In case No. A-21-266, the State filed an information on November 19, 2020, charging Falkner with six counts: count I, possession of a deadly weapon by a prohibited person, a Class ID felony; count II, possession of a controlled substance, a Class IV felony; count III, possession of a

- 1 -

short rifle, a Class IV felony; count IV, driving during suspension, first offense, a Class III misdemeanor; count V, possession of marijuana, less than 1 ounce, an infraction; and count VI, possession of drug paraphernalia, an infraction.

In case No. A-21-267, the State filed an information on November 19, 2020, charging Falkner with one count of distribution of a controlled substance, a Class II felony.

A videoconference hearing was held on December 8, 2020, on the State's motion to amend the information in both cases. In case No. A-21-266, the State sought to add a habitual criminal enhancement to counts I, II, and III. The State also sought to add a habitual criminal enhancement to the count in case No. A-21-267. The district court granted the State's motion to amend the information in both cases.

A hearing was held on January 19, 2021, wherein Falkner appeared via videoconference. Pursuant to a plea agreement, Falkner pled no contest to count I (possession of a deadly weapon by a prohibited person) in case No. A-21-266, as well as the count (attempted distribution of a controlled substance) in case No. A-21-267; the State said it amended the information in case No. A-21-267 to reflect the attempted distribution. In exchange, the State also dismissed the remaining five counts in case No. A-21-266, agreed not to pursue a habitual criminal enhancement of any conviction, and at sentencing would recommend a concurrent sentence on the two charges to which Falkner pled. According to the factual basis provided by the State,

> In [case No. A-21-266], the information the State has is that on October 19, 2020, an officer with the Grand Island Police Department observed a vehicle traveling . . . without any plates or in-transit tags. The officer initiated a traffic stop of the vehicle. The officer identified the driver of the vehicle as the defendant, Jasper Falkner.
>
> The officer determined his license was suspended. The vehicle was then searched. The officer located a .22-caliber rifle behind the driver's seat in the vehicle. Mr. Falkner and the passenger in the vehicle both denied any knowledge of the weapon.
>
> The officers were also able to determine that the defendant was previously convicted of a felony offense, and therefore, was prohibited from possessing any type of firearm.
>
> All those events occurred in Hall County, Nebraska, on that date.
>
> In [case No. A-21-267], the information the State has is that on October 21, 2020, an officer with the Hall County Sheriff's Department was dispatched to the Hall County Department of Corrections to investigate a possible possession of a controlled substance. During the course of the investigation the officer was able to determine that the defendant, Jasper Falkner, an inmate in the facility at that time, transferred a quantity of methamphetamine to another inmate identified as [W.S.]. [W.S.] then transferred the methamphetamine to another inmate identified as [A.K.]. [A.K.] was interviewed and provided that sequence of events to law enforcement as to what happened.
>
> [A.K.] also indicated he took the methamphetamine to his cell, where he ingested some of it. Officers searched that cell and did locate some additional methamphetamine weighing 7.5 grams.
>
> All those events occurred in Hall County.

The district court accepted Falkner's no contest pleas and found him guilty of possession of a deadly weapon by a prohibited person, a Class ID felony, in case No. A-21-266; and attempted distribution of a controlled substance, a Class IIA felony, in case No. A-21-267. Counts II through VI in case No. A-21-266 were dismissed with prejudice. The case was set for sentencing.

After a hearing on March 15, 2021, wherein Falkner appeared via videoconference, the district court sentenced him as follows: In case No. A-21-266, to 7 to 12 years' imprisonment, with credit for 148 days already served; and in case No. A-21-267, to 6 to 10 years' imprisonment with credit for 148 days already served. The sentences were to run concurrently to each other and to any other sentence being served by Falkner.

Falkner appeals.

## ASSIGNMENT OF ERROR

Falkner claims the district court imposed excessive sentences.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020). Abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

## ANALYSIS

### Sentences Imposed Not Excessive

Falkner's conviction for possession of a deadly weapon by a prohibited person is a Class ID felony under Neb. Rev. Stat. § 28-1206 (Cum. Supp. 2020). A Class ID felony is punishable by imprisonment for a mandatory minimum of 3 years and a maximum of 50 years. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020). Attempted distribution of a controlled substance is a Class IIA felony under Neb. Rev. Stat. §§ 28-201 and 28-416 (Reissue 2016 & Cum. Supp. 2020). A Class IIA felony is punishable by up to 20 years' imprisonment. See § 28-105. The sentences imposed by the district court were within statutory limits.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the crime. *State v. Lierman, supra*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Falkner was 36 years old at the time of sentencing. According to the presentence investigation report (PSR), Falkner earned his GED in 2002 and was unemployed prior to his arrest.

Falkner reported that his father abused drugs and alcohol and was in and out of prison throughout Falkner's childhood; his father passed away in 2017. Falkner's mother also abused drugs and alcohol, but had been sober since 2002; she passed away while Falkner was incarcerated for the charges in the current case. He reported having four siblings, none of whom had issues with

substance use and none of whom had criminal histories. Falkner has three children: the oldest two are in the custody of their mother, his ex-wife; the third has a different mother, is a state ward, and resides with the maternal grandparents--Falkner said the State is attempting to terminate his parental rights to this child.

We do not recount Falkner's juvenile history. However, his prior adult criminal history includes possession of drug paraphernalia in 2002 (fine); robbery in 2002 (8 to 12 years' imprisonment); possession of drug paraphernalia in 2009 (fine); disturbing the peace in 2009 (fine); possession of a controlled substance, cocaine (180 days in jail) and possession of K2 or marijuana, less than 1 oz (fine) in 2011; possession of a firearm by a prohibited person amended to attempted possession of a firearm by a prohibited person (3 to 5 years' imprisonment), and carrying a concealed weapon, subsequent offense (1 to 2 years' imprisonment) in 2013; possession of a controlled substance with intent to distribute, methamphetamine, amended to attempted possession of a controlled substance with intent to distribute, methamphetamine, in 2014 (3 to 5 years' imprisonment); and theft of services in 2014 (fine). Additionally, at the time of his arrest in the current case, Falkner had active warrants in six different criminal cases in Lancaster County. The charges in those cases included: possession of controlled substance, methamphetamine; driving under suspension and failure to appear; driving under suspension, careless driving, and failure to appear; theft by unlawful taking and failure to appear; burglary; and possession of a controlled substance, methamphetamine, and criminal possession of financial transaction devices.

The probation officer conducted a "Level of Service/Case Management Inventory." Falkner was assessed as a "very high" risk to reoffend. He scored "very high" risk in the criminogenic risk factor domains for companions and antisocial pattern. He scored "high" risk in the domains for criminal history, education/employment, family/marital, leisure/recreation, alcohol/drug problems, and procriminal attitude. The probation officer noted that Falkner was not eligible for probation as his conviction in case No. A-21-266 carries a mandatory minimum of 3 years' incarceration.

At the sentencing hearing, Falkner's counsel argued that Falkner "understands why he's here today and takes responsibility." Counsel noted that Falkner "has a problem with controlled substances" and "he is well aware of it." Falkner had cases pending in Lancaster County, and it was counsel's understanding that he was going to resolve those through drug court, but for his arrest in his Hall County cases. Counsel stated that Falkner "completed treatment in 2018 with the Department of Corrections" and after that was on a "very good path." However, "in April [2020] when the pandemic hit he like many other people lost his job and he like many other people fell on very tough times, and he had a relapse." Falkner "wish[ed] to complete treatment through the Department of Corrections if that is his sentence." Counsel also argued that Falkner, although he did not claim possession of the gun, took "full accountability" for the fact that he rode in a friend's vehicle and that the friend had a gun, making Falkner in possession of the gun by virtue of being with that person. Counsel stated that Falkner "wants to be there" for his children. He requested "the shortest sentence" the district court deemed appropriate, and requested that the court impose concurrent sentences.

Falkner personally addressed the district court reiterating that he had no knowledge of the firearm being in the car, but taking responsibility "of being in the company that I was keeping." He planned to get his "CDL" upon release and "just want[s] to be there for [his] kids."

The State argued that Falkner's "[criminal] history is pretty serious." In "the LSCMI" he scored "high risk or very high risk in every single category" and "[o]n the SAQ he scored maximum risk in drugs, violence, and antisocial." The State noted that Falkner had been to prison before and it requested "reasonably lengthy sentences in these cases" with the sentences in the two cases to be served concurrently.

The district court noted it had reviewed the PSR and considered all of the relevant sentencing factors. The court stated that Falkner had a "lengthy criminal history," including a history with firearms and drugs, and the court hoped he could "break that cycle at some point." The court hoped Falkner was "willing to better [himself]" and "get some treatment" while in custody to better his life for himself and for his children. The court sentenced Falkner as set forth previously.

In his brief on appeal, Falkner contends that his sentences were excessive and an abuse of discretion because "most" of the eight sentencing factors "favor" him. Brief for appellant at 8. Therefore, "a lesser sentence was appropriate." *Id.* at 7. He notes that he had a "horrible childhood with his father mostly in prison" and "his mother an addict as well," he co-parents with his ex-wife, he lost his job "due to [the] virus," he "did not know of the firearm's presence when stopped by officers," "there was no violence in the offenses," and the "firearm was never used." *Id*.

The district court considered appropriate factors when sentencing Falkner, as set forth above. Having also considered the relevant factors in this case, we find that Falkner's sentences were not excessive or an abuse of discretion. See *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020) (sentence imposed within statutory limits will not be disturbed on appeal absent abuse of discretion by trial court).

PLAIN ERROR REVIEW

The State submits that the district court committed plain error by awarding Falkner 148 days' credit against both of his sentences. Falkner responds that even assuming the court "erred in giving credit on the second sentence, no prejudice results from such error." Reply brief for appellant at 3. Falkner contends that since the sentences are concurrent, he will serve the greater sentence of 7 to 12 years, and the lower sentence of 6 to 10 years "is subsumed/incorporated within the greater sentence." *Id*. Therefore, Falkner argues that "no prejudice results" and the plain error doctrine should not apply. *Id*.

Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Sierra*, 305 Neb. 249, 939 N.W.2d 808 (2020). An appellate court may, at its option, notice plain error. *Id.*

The PSR shows that Falkner was in custody from October 19, 2020, the date of his arrest in this case, through the date of the sentencing hearing, March 15, 2021. As stated in the PSR, that amounts to a total of 148 days that Falkner was in custody awaiting sentencing.

The district court's oral pronouncement of the sentences implied that 148 days' credit for time served was to be applied to each of the two sentences. The sentencing order filed the same day indicated the same. As relevant, it stated that Falkner's sentences on each count were as follows:

[Case No. A-21-266]:

Count I [possession of a deadly weapon by a prohibited person], 7 years' - 12 years' incarceration with credit given for 148 days' time served.

[Case No. A-21-267]:

Count I [criminal attempt - distribution of a controlled substance], 6 years' - 10 years' incarceration with credit given for 148 days' time served.

The sentence on each count shall run concurrent to one another and concurrent to any other sentence currently being served.

(Emphasis omitted.)

Neb. Rev. Stat. § 83-1,106(1) (Reissue 2014) provides that "[c]redit against the maximum term and any minimum term shall be given to an offender for time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based." Although under § 83-1,106, an offender shall be given credit for time served as a result of the charges that led to the sentences, presentence credit is applied only once. *State v. Custer*, 292 Neb. 88, 871 N.W.2d 243 (2015). Therefore, when consecutive sentences are imposed for two or more offenses, periods of presentence incarceration may be credited only against the aggregate of all terms imposed. *Id.* When concurrent sentences are imposed, the credit is applied once, and the credit applied once, in effect, is applied against each concurrent sentence. *State v. Wines*, 308 Neb. 468, 954 N.W.2d 893 (2021). See, also, *State v. Sanchez*, 2 Neb. App. 1008, 520 N.W.2d 33 (1994). The total time to be served under the sentences is reduced by the time served before sentencing. *Id.*

Although the district court may have intended the twice-referenced credit to be applied only once and thus have the effect of being applied against each concurrent sentence, to be consistent with the above-stated legal principles, the 148 days' credit should have been awarded only once. We therefore modify the sentencing order to state that Falkner is to receive credit in the amount of 148 days for time already served against the total time to be served under the concurrent sentences. See *State v. Custer, supra* (affirming sentences as modified to correct plain error).

CONCLUSION

For the reasons stated above, we modify Falkner's sentences as previously stated in this opinion. In all other respects, we affirm Falkner's sentences.

AFFIRMED AS MODIFIED.