IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

MURTAUGH V. NEBRASKA DEPT. OF CORR. SERVS.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

JASON M. MURTAUGH, APPELLANT,

V.

NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES
AND SCOTT FRAKES, DIRECTOR, APPELLEES.

Filed October 29, 2024.    No. A-23-896.

Appeal from the District Court for Lancaster County: SUSAN I. STRONG, Judge. Affirmed.

Jason M. Murtaugh, pro se.

Michael T. Hilgers, Attorney General, and Justin J. Hall for appellee.

PIRTLE, BISHOP, and ARTERBURN, Judges.

ARTERBURN, Judge.

INTRODUCTION

Jason M. Murtaugh, representing himself, appeals from two orders of the district court for Lancaster County granting summary judgment in favor Rob Jeffreys, Director of the Nebraska Department of Correctional Services (NDCS), and denying Murtaugh's motion to alter, amend, or vacate said judgment. On appeal, Murtaugh generally argues that the court erred in granting summary judgment to Jeffreys and erred in declining to hold a separate hearing for his cross-motion for summary judgment. However, Murtaugh has not presented any assignments of error as required by Neb. Ct. R. App. P. § 2-109(D)(1)(e) (rev. 2022). Consequently, we review only for plain error and, finding none, we affirm.

BACKGROUND

Murtaugh is an inmate in the custody of NDCS. He is serving multiple sentences out of Douglas County and Sarpy County. Between October 2020 and December 2020, Murtaugh was sentenced in five separate criminal cases. Murtaugh's aggregate sentence was 10 to 17 years' imprisonment with credit for 31 days served. On February 4, 2021, Murtaugh appeared before the Sarpy County District Court where he was sentenced in a sixth criminal case to 1 year's imprisonment. The court ordered that this sentence be served concurrently with any sentences Murtaugh was currently serving. Murtaugh was given credit for 51 days served.

On September 9, 2022, Murtaugh, representing himself, filed a complaint in the district court challenging the sentencing calculations computed by NDCS. Murtaugh alleged that NDCS and Scott Frakes, who was, at the time, Director of NDCS, failed to apply the credit of 51 days served to his prior, aggregate sentence of 10 to 17 years' imprisonment. In response, NDCS and Frakes asserted that Murtaugh had failed to state a claim upon which relief could be granted. They also asserted that Murtaugh's claims against NDCS were barred by sovereign immunity.

On June 20, 2023, NDCS and Frakes filed a motion for summary judgment. A statement of undisputed facts, an evidence index, and a brief were filed in support of the motion. The summary judgment hearing was scheduled for August 3, 2023. On July 24, 2023, Murtaugh filed a motion in opposition, and on July 25, he filed a cross-motion for summary judgment. Murtaugh submitted an evidence index in support of his motion.

On July 28, 2023, on its own motion, the district court continued the summary judgment hearing to August 30, 2023. The court did so in the interest of judicial economy and efficiency "to allow all issues to be briefed by the parties and addressed by the [c]ourt." At the August 30 hearing, the court received various exhibits from each party. Murtaugh's exhibits included a NDCS Sentence and Release Information Sheet, a NDCS Inmate Classification Policy, and a deposition of Christine Downing, an NDCS records administrator. NDCS and Frakes submitted sentencing orders from each of Murtaugh's six criminal cases. Murtaugh stated that the sentencing orders were not in dispute.

NDCS and Frakes also offered an affidavit of Downing. In the affidavit, Downing stated that when determining how to calculate in-custody credits as applied to an inmate's term of incarceration, a shorter, concurrent sentence is subsumed in the aggregate calculation by the longer running concurrent sentence. Downing confirmed that Murtaugh's most recent sentence of 1 year's imprisonment—with the 51 days of credit for time served—was shorter than Murtaugh's prior, aggregate sentence of 10 to 17 years' imprisonment. Thus, Downing stated that Murtaugh's 1-year sentence was subsumed by Murtaugh's prior, aggregate sentence. Downing specifically stated that the credit for 51 days served was also subsumed by Murtaugh's longer sentence and therefore did not impact Murtaugh's overall tentative release date. Downing concluded that Murtaugh's total aggregate sentence, after factoring in his most recent sentence, remained 10 to 17 years' imprisonment with credit for 31 days served.

The parties then presented arguments to the court. At the outset, NDCS and Frakes acknowledged that Frakes was no longer the director of NDCS and that the new director, Jeffreys, would be an appropriately substituted party "if made correctly." Regardless, NDCS and Frakes argued that there were no factual disputes and that the case boiled down to one issue of law:

whether Murtaugh's aggregate sentence and amount of time served was accurately calculated. They asserted that because Murtaugh's sentence was properly calculated, summary judgment was proper.

Murtaugh disagreed and asserted that the issue of law NDCS and Frakes pointed out was really a material fact in dispute. Murtaugh argued that his aggregate sentence was not calculated properly pursuant to Neb. Rev. Stat. § 83-1,107 (Cum. Supp. 2022). He specifically argued that under § 83-1,107, his credit for 51 days of time served should have been calculated into and ultimately reduced his aggregate sentence. Murtaugh also argued that he had a right to have a separate hearing on his cross-motion for summary judgment, and thus, he was only presenting evidence against the motion for summary judgment filed by NDCS and Frakes.

After all the evidence and arguments were submitted, the court took the matter under advisement. Our record indicates that Murtaugh never formally sought a substitution of Frakes for Jeffreys. Nevertheless, the district court issued its order on September 18, 2023, finding that (1) due to sovereign immunity, the court lacked subject matter jurisdiction over Murtaugh's claim against NDCS and (2) Jeffreys was entitled to judgment as a matter of law because there was no genuine issue of material fact concerning whether Murtaugh's jail credit of 51 days was properly applied to his aggregate sentence. The court specifically found that Murtaugh's credit of 51 days served was subsumed by the concurrent, lengthier sentence Murtaugh was already serving. Thus, the court dismissed Murtaugh's claim against NDCS and sustained the motion for summary judgment in favor of Jeffreys. The case was dismissed with prejudice.

On September 27, 2023, Murtaugh filed a motion to alter, amend, or vacate the court's summary judgment order. Murtaugh argued that the district court did not allow him to present his cross-motion for summary judgment. The court denied his motion, stating in its order that:

> the Court held an approximately hour-long hearing on the parties' motions for summary judgment. Plaintiff chose not to present his evidence at that time. The Court stated that it would hold a separate hearing if necessary. No separate hearing is necessary due to the Court's findings in its Order of September 18, 2023.

Murtaugh appeals.

## ASSIGNMENTS OF ERROR

Murtaugh's brief on appeal, filed pro se, does not contain a separate assignment of errors section as required by § 2-109(D)(1)(e). When assignments of error are not presented in a separate section and are instead presented in the argument section of an appellate brief, an appellate court may proceed as though the party failed to file a brief (providing no review at all) or, alternatively, may examine the proceedings for plain error. *Noland v. Yost*, 315 Neb. 568, 998 N.W.2d 57 (2023). In this appeal, we elect to review the record for plain error.

## STANDARD OF REVIEW

Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Id.*

ANALYSIS

We have reviewed the entirety of the record for plain error, including the district court's orders regarding summary judgment and Murtaugh's post-judgment motion, and have found none. Based upon our review of the evidence, including Murtaugh's sentencing orders and Downing's affidavit, we do not find plain error in the district court's conclusion that Murtaugh's aggregate sentence and time served were accurately calculated by NDCS.

Under Neb. Rev. Stat. § 83-1,106 (Reissue 2014), an offender shall be given credit for time served as a result of the charges that led to the sentences; however, presentence credit is applied only once. See *State v. Banes*, 268 Neb. 805, 688 N.W.2d 594 (2004). When calculating credit for concurrent sentences, the longest sentence determines the offender's actual length of time in prison. *Id.* Credit is to be given to only one sentence in one case. *Id.* Here, Murtaugh was already serving an aggregate sentence of 10 to 17 years' imprisonment when he was given a concurrent sentence of 1 year's imprisonment. His 1-year sentence, along with his 51 days of credit for time served on that sentence, is subsumed by the longer, concurrent sentence he was already serving.

Additionally, the credit for 51 days served was applied to his 1-year sentence. It would be improper to apply that credit to the 10-to-17-year sentence imposed in separate cases as well. The Nebraska Supreme Court has held that because of the mandatory "shall" language used in § 83-1,106, the statute mandates that credit for time served must be given for time spent in custody on a charge when a prison sentence is imposed for a conviction of such charge. *State v. Mueller*, 301 Neb. 778, 920 N.W.2d 424 (2018). In other words, what matters in the credit for time served analysis is whether the offender was forced to be in custody *because of those charges*. *State v. Leahy*, 301 Neb. 228, 917 N.W.2d 895 (2018). Murtaugh served 51 days in custody because of his most recent conviction, not his prior convictions. Thus, it was proper to apply that credit only to his most recent conviction.

We also find no plain error in the district court's decision to initially take up both motions for summary judgment at the same time. While cross-motions for summary judgment should generally be considered separately, overlapping issues may be addressed together. See *Pine Tree Neighborhood Assn. v. Moses*, 314 Neb. 445, 990 N.W.2d 884 (2023). Here, the issues raised in the motion and cross-motion clearly overlapped. After receiving Murtaugh's cross-motion for summary judgment, the court continued the hearing scheduled for the defendants' motion in the interest of judicial economy and "to allow all issues to be briefed by the parties and addressed by the [c]ourt." Murtaugh was provided with a copy of this order and therefore had notice that the court instructed both parties to be prepared to argue both motions at the newly scheduled hearing. Murtaugh's refusal to do so was to his own detriment. Consequently, we also find no plain error in the court's order denying his motion to alter, amend, or vacate its judgment.

Finally, although it appears that Murtaugh does not contest the dismissal of his claim against NDCS, for the sake of completeness, we have reviewed that finding as well and have found no plain error.

CONCLUSION

Murtaugh did not comply with the court rules necessary for presenting his assignments of error to this court. After reviewing the record and finding no plain error, we affirm the district

court's orders dismissing the claim against NDCS, granting summary judgment in favor of Jeffreys, and denying Murtaugh's motion to alter, amend, or vacate summary judgment.

AFFIRMED.