Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/07/2025 12:08 AM CST

State of Nebraska, appellee, v.
Katrell M. Nelson, appellant.
___ N.W.3d ___

Filed February 28, 2025.    No. S-23-567.

1. **Sentences: Appeal and Error.** Whether a defendant is entitled to credit for time served and in what amount are questions of law, subject to appellate review independent of the lower court.

2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court.

3. **Sentences: Statutes.** The calculation and application of credit for time served is controlled by statute, and different statutes govern depending on whether the defendant is sentenced to jail or prison.

4. **Sentences.** Neb. Rev. Stat. § 83-1,106(1) (Reissue 2024) mandates that credit for time served must be given for time spent in custody on a charge when a prison sentence is imposed for a conviction of such charge.

5. **Sentences: Records.** The amount of credit for time served to which a defendant is entitled is an absolute and objective number that is established by the record, and courts have no discretion to grant a defendant more or less credit than is established by the record.

6. **Sentences: Records: Proof.** The party advocating for a specific jail credit calculation has the burden to provide the sentencing court with a record that establishes such calculation.

7. **Sentences: Records: Appeal and Error.** When a trial court gives a defendant more or less credit than he or she is entitled to, that portion of the pronouncement of sentence is erroneous and may be corrected on direct appeal to reflect the accurate amount of credit as verified objectively by the record.

8. **Sentences.** When multiple prison sentences are imposed contemporaneously, the procedure for applying credit for time served is governed

by the same aggregation principles whether the sentences were ordered to run consecutively, concurrently, or some combination of the two.

9. ____. When a court imposes multiple sentences contemporaneously, whether such sentences are ordered to be served consecutively or concurrently, all available credit for time served under Neb. Rev. Stat. § 83-1,106(1) (Reissue 2024) is applied just once, to the aggregate of all terms imposed.

10. ____. Credit for presentence incarceration under Neb. Rev. Stat. § 83-1,106(1) (Reissue 2024) is properly granted only against the aggregate of all terms imposed, and the total length of time to be served under the sentences is reduced by the time already served before sentencing.

Appeal from the District Court for Douglas County, TIMOTHY P. BURNS, Judge. Affirmed as modified.

Thomas C. Riley, Douglas County Public Defender, and Mary Mullin Dvorak for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

STACY, J.

The primary issue in this appeal is how a sentencing court should apply available credit for time served under Neb. Rev. Stat. § 83-1,106 (Reissue 2024) when sentencing a defendant to concurrent prison terms of identical length. Katrell M. Nelson was charged, in separate criminal cases, with possession of a deadly weapon by a prohibited person. He entered no contest pleas and was sentenced to identical prison terms in each case, to be served concurrently. In separate sentencing orders, the court applied all available jail credit to the sentence in one case and refused Nelson's request to apply credit in the other.

Nelson appeals, assigning that the district court erred by applying all available jail credit to just one of two identical concurrent sentences. For reasons we will explain, we modify the award of jail credit and otherwise affirm.

## I. BACKGROUND

### 1. Criminal Cases

In 2022, prosecutors in Douglas County filed two separate criminal cases against Nelson. The first case, docketed as case No. CR 22-1597 (CR22-1597), arose out of a traffic stop in April 2022 when officers observed a firearm sticking out from under the seat of Nelson's vehicle. Nelson was arrested and charged with one count of possessing a deadly weapon by a prohibited person. He was lodged in the Douglas County jail on that charge and was released on bond 9 days later.

The second case, docketed as case No. CR 22-4477 (CR22-4477), arose out of a traffic stop in November 2022 while Nelson was out on bond. During the stop, officers detected the odor of marijuana and conducted a search of Nelson's vehicle. A semiautomatic handgun was discovered underneath the seat. Nelson was arrested and charged with one count of possession of a deadly weapon by a prohibited person and one count of possessing a stolen firearm. He was lodged in the Douglas County jail on those charges, and his bond in CR22-1597 was revoked. Thereafter, the parties agree that Nelson remained in jail on the charges in both CR22-1597 and CR22-4477 for another 232 days.

### 2. Plea Agreement and Consolidated Sentencing

Pursuant to a plea agreement, Nelson pled no contest to the charge of possession of a deadly weapon by a prohibited person in both criminal cases and, in exchange, the State dismissed the charge of possessing a stolen firearm in CR22-4477, dismissed an unrelated felony shoplifting charge, and agreed not to request consecutive sentences. The court accepted the pleas, received evidence of Nelson's prior felony convictions, and found Nelson guilty of two counts of possession of a deadly weapon by a prohibited person. Both convictions were Class ID felonies, punishable by a maximum of 50 years' imprisonment and a mandatory minimum of 3 years'

imprisonment.[1] The court ordered preparation of a presentence investigation report in each case and set the matter for a consolidated sentencing hearing.

At the sentencing hearing on June 22, 2023, it was undisputed that Nelson had been in custody on the criminal charges for a total of 241 days. Nine of those days were related only to the charge for which he was sentenced in CR22-1597, and 232 of those days were related to the charges for which he was sentenced in both CR22-1597 and CR22-4477.

After allocution, the court pronounced the following sentences:

> [I]t's the judgment and sentence of the court, that under CR 22-1597, the offense of possession of a deadly weapon by a prohibited person, you be sentenced to 6 to 10 years in prison, credit for 241 days already served. [In] CR 22-4477, I'll also sentence you to 6 to 10 years incarceration. Both sentences are to be served under the supervision of the Nebraska Department of Correctional Services. I will run those sentences concurrently.

The court's oral truth-in-sentencing advisement was identical for both cases. Nelson was advised that assuming he did not lose any good time, he would be eligible for parole "after serving four and a half years" and would be mandatorily discharged "after serving six and a half years." Both convictions were Class ID felonies that carried mandatory minimum prison terms,[2] so the court's truth-in-sentencing advisement reflected that Nelson would not earn any good time credit during the mandatory minimum portion of his concurrent prison terms.[3]

Immediately after the sentences were pronounced, the following discussion took place on the record:

---

[1] See Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2024).

[2] See *id*.

[3] See Neb. Rev. Stat. § 83-1,110 (Reissue 2024). See, also, *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015) (explaining good time calculation on mandatory minimum sentence).

[Defense counsel:] Your Honor, did you give him credit on CR 22-4477 of the lesser amount, 232 days?

THE COURT: No. I gave him credit for 241 days on [CR 22-1597] and credit — I don't give him any credit for the higher docket because I already gave him credit for the 241 days on the lower docket. 232 days of that were the same as the time he was serving on the higher docket, so he is only entitled to credit once.

The court memorialized these sentences in separate orders. The order in CR22-1597 imposed a sentence of 6 to 10 years' imprisonment, to be served concurrently with the sentence imposed in CR22-4477, and gave Nelson 241 days of credit. The order in CR22-4477 imposed a sentence of 6 to 10 years' imprisonment, to be served concurrently with the sentence imposed in CR22-1597, but did not mention any credit for time served.

Nelson filed a timely notice of appeal in CR22-4477, challenging the court's denial of his request for 232 days of credit in that case. No appeal was filed in CR22-1597. We moved this appeal to our docket on our own motion.[4]

## II. ASSIGNMENT OF ERROR

Nelson assigns, consolidated and restated, that the district court erred in refusing to apply available jail credit against his sentence in CR22-4477.

## III. STANDARD OF REVIEW

[1] Whether a defendant is entitled to credit for time served and in what amount are questions of law, subject to appellate review independent of the lower court.[5]

[2] Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court.[6]

---

[4] See, Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2024); Neb. Ct. R. App. P. § 2-102(C) (rev. 2022).

[5] *State v. Castillo-Rodriguez*, 313 Neb. 763, 986 N.W.2d 78 (2023).

[6] *Id*.

## IV. ANALYSIS

[3] In Nebraska, the calculation and application of credit for time served is controlled by statute, and different statutes govern depending on whether the defendant is sentenced to jail or prison.[7] Because Nelson was given prison sentences, his entitlement to credit for time served is governed by § 83-1,106, which provides in relevant part:

> (1) Credit against the maximum term and any minimum term shall be given to an offender for time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such charge is based. This shall specifically include, but shall not be limited to, time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to delivery of the offender to the custody of the Department of Correctional Services, the county board of corrections, or, in counties which do not have a county board of corrections, the county sheriff.

[4] Section 83-1,106(1) mandates that credit for time served must be given for time spent in custody on a charge when a prison sentence is imposed for a conviction of such charge.[8]

[5-7] The amount of credit for time served to which a defendant is entitled is an absolute and objective number that is established by the record, and courts have no discretion to grant a defendant more or less credit than is established by the record.[9] The party advocating for a specific jail credit calculation has the burden to provide the sentencing court with a record that establishes such calculation.[10] When a trial court gives a defendant more or less credit than he or she is entitled

---

[7] *State v. Rivera-Meister, ante* p. 164, 14 N.W.3d 1 (2024).

[8] See *id.*

[9] *Id.*

[10] *Id.*

to, that portion of the pronouncement of sentence is erroneous and may be corrected on direct appeal to reflect the accurate amount of credit as verified objectively by the record.[11]

In this appeal, the record established, and the parties agree, that Nelson was in custody for a combined total of 241 days as a result of the criminal charges for which he was sentenced on June 22, 2023. Nine of those 241 days were related exclusively to the charge in CR22-1597, and 232 of those days were related to the charges in both CR22-1597 and CR22-4477.

But Nelson and the State disagree about how a sentencing court should apply available credit for time served under § 83-1,106(1) when a court imposes concurrent prison sentences of identical length. To address their arguments, we begin with an overview of the appellate cases construing § 83-1,106(1) and describing the procedure sentencing courts should follow when applying available credit to consecutive and concurrent sentences.

### 1. Cases Construing § 83-1,106

The current provisions of § 83-1,106 were enacted in 1993,[12] and in 1994, the Nebraska Court of Appeals was the first appellate court to construe those provisions in *State v. Sanchez.*[13] Because *Sanchez e*stablished several foundational principles that have influenced the development of our case law in this area, we address it in some detail.

### (a) *State v. Sanchez*

The defendant in *Sanchez* was convicted of robbery and assault and was sentenced to consecutive prison terms of 16 to 50 years, and 6 to 20 years, respectively. Before sentencing, the defendant had been in custody on both cases for a

---

[11] See *id.*

[12] See 1993 Neb. Laws, L.B. 113, § 4.

[13] *State v. Sanchez*, 2 Neb. App. 1008, 520 N.W.2d 33 (1994).

collective total of 218 days. The sentencing court awarded all 218 days of credit to the robbery sentence and none to the assault sentence.

On direct appeal, the defendant in *Sanchez* claimed the sentencing court's application of jail credit was erroneous. He claimed that he should have received 218 days of credit against each sentence, reasoning that § 83-1,106(1) required courts to grant credit "for time spent in custody as a result of the criminal charge for which a prison sentence is imposed." The Court of Appeals rejected that argument, explaining:

> Courts in other states, construing statutes similar to § 83-1,106, have uniformly held that when consecutive sentences are imposed for two or more offenses, periods of presentence incarceration may be credited only against the aggregate of all terms imposed: an offender who receives consecutive sentences is entitled to credit against only the first sentence imposed, while an offender sentenced to concurrent terms in effect receives credit against each sentence.[14]

*Sanchez* observed that these principles supported the purpose of mandatory jail credit statutes like § 83-1,106(1), reasoning:

> The purpose of statutes which require the granting of credit for presentence incarceration is to assure that the equal protection rights of indigent defendants who cannot afford to post bond are not violated. Without credit for time served, the total period of confinement served by an indigent defendant would be more than that of a defendant who could afford to post bond. However, once credit has been granted [to the aggregate sentence], there is no additional constitutional purpose to be served by granting a second or double credit against a later consecutive sentence.[15]

---

[14] *Id.* at 1012-13, 520 N.W.2d at 36 (internal quotation marks omitted).

[15] *Id.* at 1013, 520 N.W.2d at 37 (internal quotation marks omitted).

*Sanchez* also observed that if § 83-1,106(1) were construed to require that all available credit must be granted against each consecutive sentence, it "would actually penalize those who *could* afford to post bail" by giving "double credit" to those who remained in custody.[16] The court in *Sanchez* reasoned that by applying all available credit just once, to the aggregate of consecutive prison sentences, the purpose of the jail credit statute was accomplished because those who could not afford to post bail would be treated no better, or worse, than those who could afford to post bail.

*Sanchez* thus announced the general rule that when consecutive prison sentences are imposed, "[c]redit for presentence incarceration is properly granted only against the aggregate of all terms imposed[, and the] *total* length of time to be served under the sentences is reduced by the time already served before sentencing."[17] But in dicta addressing how the general rule should be applied to concurrent sentences, *Sanchez* stated:

> Where concurrent sentences are given, credit is, in effect, applied against each sentence. This must be done because the term of the longest sentence determines the total length of time the person is held. However, the end result is the same as in the consecutive sentence situation where credit is applied against only the first sentence.[18]

Although *Sanchez* described seemingly different procedures for applying credit depending on whether the court imposed consecutive or concurrent prison sentences, both procedures required the sentencing court to consider "[t]he total time to be served under the sentences" imposed, and then reduce that "by the time served before sentencing."[19]

---

[16] *Id*. at 1014, 520 N.W.2d at 37 (emphasis in original).

[17] *Id*. (emphasis in original).

[18] *Id*.

[19] *Id*.

### (b) *State v. Banes*

In 2004, this court generally endorsed both the reasoning and holding of *Sanchez* in *State v Banes*.[20] *Banes* involved concurrent prison sentences imposed contemporaneously in two separate criminal cases. The first case was a felony, and the defendant was sentenced to imprisonment for 20 months to 4 years. The second case was a misdemeanor, and he was sentenced to a concurrent prison term of 1 year. Prior to sentencing, the defendant was detained in jail for 29 days on only the felony case, for 6 days on only the misdemeanor case, and for 246 days on both cases. At sentencing, the court gave the defendant credit for 29 days against the sentence in the felony case and applied all remaining credit to the sentence in the misdemeanor case.

The Court of Appeals reversed the sentencing order and remanded the cause with directions to award the defendant an additional 246 days of credit on the felony case, reasoning that he was entitled to such credit against each of the concurrent sentences. We granted the State's petition for further review. Although we ultimately affirmed the Court of Appeals decision to reverse the sentencing order and remand the cause, we disagreed that the defendant was entitled to the 246 days of credit in both cases. We reasoned:

> Under our statutes, an offender shall be given credit for time served as a result of the charges that led to the sentences; however, presentence credit is applied only once. § 83-1,106(1) and (4). In *State v. Sanchez*, . . . the Court of Appeals recognized that when credit is calculated for concurrent sentences, the longest sentence determines the offender's actual length of time in prison, and credit is "in effect" given to each sentence. *Thus, when concurrent sentences are imposed, the credit is applied*

---

[20] *State v. Banes*, 268 Neb. 805, 688 N.W.2d 594 (2004).

*once, and the credit applied once, in effect, is applied against each concurrent sentence.*[21]

We concluded in *Banes* that although 246 days of credit was available in both cases, "[c]redit is to be given to only one sentence in one case, although we recognize that when an offender has received concurrent sentences, the 'effect' is that credit is applied against each sentence."[22]

### (c) *State v. Wills* and *State v. Wines*

In the 2013 case of *State v. Wills*,[23] we summarized the applicable principles from *Sanchez* and *Banes* this way: "[W]ith consecutive sentences, periods of presentence incarceration are credited against the *aggregate* of all terms imposed. And with concurrent sentences, such periods are credited against the longest sentence, but are, in effect, applied against all the sentences."

And most recently, in the 2021 case of *State v. Wines*,[24] we reiterated that "'when concurrent sentences are imposed, the credit is applied once, and the credit applied once, in effect, is applied against each concurrent sentence.'"

But our published opinions have not yet discussed the procedure for applying available credit to concurrent sentences of equal length.[25] We moved this appeal to our docket to address that question, and we turn to it now.

---

[21] *Id*. at 811-12, 688 N.W.2d at 599 (emphasis supplied).

[22] *Id.* at 813, 688 N.W.2d at 599-600.

[23] *State v. Wills*, 285 Neb. 260, 266-67, 826 N.W.2d 581, 587 (2013) (emphasis in original).

[24] *State v. Wines*, 308 Neb. 468, 475, 954 N.W.2d 893, 898 (2021), quoting *Banes, supra* note 20.

[25] But see *State v. Nunez*, No. A-16-364, 2016 WL 5746622 at *4 (Neb. App. Oct. 4, 2016) (selected for posting to court website) (unpublished opinion addressing application of jail credit to identical concurrent sentences and holding that because "[t]he 597 days' credit can only be applied once[,] it is irrelevant whether it is applied against one count or the other, since once applied, it is in effect applied against the other concurrent sentence").

## 2. Applying Available Credit to Identical
### Concurrent Sentences

As the foregoing cases illustrate, Nebraska appellate courts have construed § 83-1,106 to require sentencing courts to apply all available credit, but only once.[26] To accomplish this when two or more sentences are imposed contemporaneously, our cases describe seemingly different procedures, depending on whether the court has imposed consecutive or concurrent sentences. For consecutive sentences, all available periods of presentence custody are credited just once, against the aggregate of all terms imposed.[27] And for concurrent sentences, all available periods of presentence custody are credited once, against the longest sentence, which "in effect" applies the credit against each concurrent sentence.[28]

The statutory language of § 83-1,106(1) does not expressly mandate any particular procedure for applying available jail credit. But our cases have explained that when multiple sentences are imposed contemporaneously, these procedures are designed to "effectuate the objective of § 83-1,106(1)"[29] by ensuring that "all credit available due to presentence incarceration [is] applied, but only once.[30] These procedures also ensure that the total period of confinement served by an indigent defendant is neither more, nor less, than would be served by a defendant who receives the same sentence but who could afford to post bond.[31] And we presume the Legislature has

---

[26] *Banes, supra* note 20.

[27] See *Wills, supra* note 23. See, also, *State v. Williams*, 282 Neb. 182, 802 N.W.2d 421 (2011); *Banes, supra* note 20. But see *Sanchez, supra* note 13, 2 Neb. App. at 1013, 520 N.W.2d at 36 (noting all available credit should be applied against aggregate of all consecutive terms by crediting "'only the first sentence imposed'").

[28] *Id*.

[29] *Banes, supra* note 20, 268 Neb. at 810, 688 N.W.2d at 598.

[30] *Id*. at 811, 688 N.W.2d at 599.

[31] See *Sanchez, supra* note 13.

acquiesced in our construction of § 83-1,106 because the statute has not been amended in response to any of our opinions reciting these procedures.[32]

That said, the procedure we have endorsed for applying credit to concurrent sentences necessarily assumes that the longest concurrent sentence will dictate how much time is actually served, and it is not clear how to apply that procedure when identical concurrent sentences are imposed. When the endorsed procedure requires that all available credit be applied just once, to the longest concurrent sentence, what happens when there is no longest sentence?

The State suggests the existing procedure for applying jail credit to concurrent sentences, as described in *Banes* and *Wines*,[33] can still generally be followed even when identical concurrent sentences are imposed. The State observes that the "aggregate of two concurrent 6 to 10 year imprisonment sentences is 6 to 10 years" and contends that "giving 241 days [of] credit in one case, in effect, applies the credit to both concurrent sentences."[34] We understand the State to suggest that when identical concurrent sentences are imposed, all available jail credit will "in effect"[35] be applied to the aggregate of both sentences, even if the court's sentencing order expressly states that all credit is applied to only one sentence.

Nelson, on the other hand, argues that because the court's separate sentencing orders applied all available jail credit to the sentence in CR22-1597, and none to the identical concurrent sentence in CR22-4477, those orders must be followed

---

[32] See, e.g., *State v. Muratella*, 314 Neb. 463, 470, 991 N.W.2d 25, 31 (2023) ("[w]here a statute has been judicially construed and that construction has not evoked an amendment, it will be presumed that the Legislature has acquiesced in the court's determination of the Legislature's intent").

[33] See, *Wines, supra* note 24; *Banes, supra* note 20.

[34] Brief for appellee at 12.

[35] *Id*.

and the jail credit cannot be applied differently.[36] And he argues that under those sentencing orders, he has not been given any jail credit in CR22-4477 and thus "will serve every day" of that sentence without receiving "a single day of credit that he spent in pretrial detention on that case."[37] According to Nelson, the result will be that on the day he completes the 6-to-10-year sentence in CR22-1597, he will still have 241 days left to serve on the sentence in CR22-4477. He argues the only way to ensure that he gets all the jail credit to which he is entitled is to apply the available credit in both cases.

We are not persuaded that the procedure advocated by either party can be squared with the provisions and purpose of § 83-1,106, or our precedent on applying available credit. The State's procedure would effectively require the Department of Correctional Services (DCS) to ignore the plain language of the sentencing order in CR22-4477 when calculating how much time a defendant will serve, and instead decide for itself how to apply the available credit when identical concurrent sentences have been imposed. But as we recognized in *Schaeffer v. Gable*,[38] "DCS does not have authority to determine how time served is to be credited and instead must follow court orders crediting such time." *Schaeffer* also observed that the jail credit statute "does not authorize DCS to elect the sentence to which time served should be credited when it is determining a prisoner's tentative release date."[39]

The procedure urged by Nelson must also be rejected. Applying all available jail credit to multiple concurrent sentences would be contrary to the settled principle that available

---

[36] See, e.g., *Schaeffer v. Gable*, 314 Neb. 524, 537, 991 N.W.2d 661, 670 (2023) (noting that sentencing order determining jail credit under § 83-1,106 must be followed and Department of Correctional Services has no authority "to elect the sentence to which time served should be credited when it is determining a prisoner's tentative release date").

[37] Brief for appellant at 9.

[38] *Schaeffer, supra* note 36, 314 Neb. at 536, 991 N.W.2d at 669.

[39] *Id.* at 537, 991 N.W.2d at 670.

credit under § 83-1,106 is to be applied only once.[40] And such an order could result in awarding more days of credit than were actually served on the charges for which the defendant was sentenced. This would frustrate, rather than advance, the goal of ensuring that the total period of confinement served by an indigent defendant is neither more, nor less, than would be served by a defendant who receives the same sentence but who could afford to post bond.[41]

Rather than endorsing the procedures urged by either party, we choose instead to reexamine what we meant in *Banes* when we said: "When concurrent sentences are imposed, the credit is applied once, and the credit applied once, in effect, is applied against each concurrent sentence."[42]

*Banes* observed that "concurrent sentences obviously commence at the same time and in a functional effect result in one term of imprisonment represented by the longest of the concurrent sentences imposed."[43] Although our prior cases directed courts to consider the aggregate of all terms only when applying available credit to consecutive sentences, a careful review of our reasoning in concurrent sentencing cases shows we have been applying aggregation principles in those cases too, just using different terminology.

By instructing courts to apply all available presentence credit against the longest concurrent sentence, and by acknowledging that doing so "in effect" applies the credit to all concurrent sentences, Nebraska appellate courts have, as a practical matter, endorsed a procedure that applies all available credit to the aggregate term of all concurrent sentences. This is so because concurrent sentences commence at the same time,

---

[40] See, *Wines, supra* note 24; *Banes, supra* note 20.

[41] See *Sanchez, supra* note 13.

[42] *Banes, supra* note 20, 268 Neb. at 812, 688 N.W.2d at 599. See, also, *Sanchez, supra* note 13.

[43] *Banes, supra* note 20, 268 Neb. at 812, 688 N.W.2d at 599 (internal quotation marks omitted).

concurrent sentences run at the same time, and the term of the longest concurrent sentence effectively determines the amount of time the defendant will spend in prison.[44]

[8] We acknowledge the language used in our prior cases to describe the procedure for applying credit, and particularly our use of the phrase "in effect," may have caused confusion. Returning to original principles, we take this opportunity to clarify that when multiple prison sentences are imposed contemporaneously, the procedure for applying credit for time served under § 83-1,106 is governed by the same aggregation principles whether the sentences were ordered to run consecutively, concurrently, or some combination of the two.

[9,10] We now hold that when a court imposes multiple sentences contemporaneously, whether such sentences are ordered to be served consecutively or concurrently, all available credit for time served under § 83-1,106(1) is applied just once, to the aggregate of all terms imposed. This procedure is in full accord with the foundational principle first recited by the Court of Appeals in *Sanchez* more than 30 years ago: "Credit for presentence incarceration is properly granted only against the aggregate of all terms imposed[, and the] *total* length of time to be served under the sentences is reduced by the time already served before sentencing."[45] We continue to adhere to this principle, but we no longer see a reason to endorse different procedures for applying credit under § 83-1,106(1), depending on whether consecutive or concurrent sentences are imposed. With the benefit of hindsight, we think a uniform procedure for applying available jail credit to multiple sentences will be simpler to use, will be easier to understand, and may help reduce confusion when calculating the total amount of time a defendant will serve on contemporaneously imposed sentences.

---

[44] See *id.*

[45] *Sanchez, supra* note 13, 2 Neb. App. at 1014, 520 N.W.2d at 37 (emphasis in original).

We also clarify that when a court applies all available credit against the aggregate of all sentences imposed contemporaneously, there is no reason to mechanically attach such credit to any particular sentence.[46] The formality of identifying just one sentence to receive all available credit is neither accurate, nor necessary, when all available credit is being applied to the aggregate of all terms imposed.

Finally, for the sake of completeness, we emphasize that although courts use aggregation principles when applying available jail credit, precision is still required when identifying how many days a defendant spent in custody, and on which charges, for purposes of calculating available credit under § 83-1,106(1). In criminal cases, a judge is required to separately determine, state, and grant the amount of credit on the defendant's sentence to which the defendant is entitled under § 83-1,106(1).[47] Sentencing courts have no discretion to grant a defendant credit for more or less time, in terms of total days served, than is established by the record,[48] and the party advocating for a specific jail credit calculation has the burden to provide the sentencing court with a record that establishes such calculation.[49] Similarly, sentencing courts are encouraged to make a clear record of the jail credit calculation, including how much time was spent in custody and on

---

[46] See, e.g., *Wills, supra* note 23, 285 Neb. at 267, 826 N.W.2d at 587 (when concurrent sentences are imposed, periods of pretrial custody "are credited against the longest sentence, but are, in effect, applied against all the sentences"); *State v. Williams, supra* note 27, 282 Neb. at 199, 802 N.W.2d at 434 (when consecutive sentences are imposed, court should give all available credit "against only the first count, thereby crediting [it] against the aggregate of the minimum and the aggregate of the maximum sentences imposed"); *Sanchez, supra* note 13, 2 Neb. App. at 1013, 520 N.W.2d at 36 (suggesting all available credit should be applied against aggregate of all consecutive terms by crediting "'only the first sentence imposed'").

[47] See *State v. Barnes*, 303 Neb. 167, 927 N.W.2d 64 (2019).

[48] See *Rivera-Meister, supra* note 7.

[49] *Id*.

which charges, so the court's calculation of available credit is clear in the event of an appeal or if one of the sentences is later set aside.[50] And it goes without saying that all commitments should precisely reflect the court's sentencing pronouncements and accompanying sentencing orders, including credit for time served.

Having clarified the procedure to be followed when applying available credit to multiple sentences imposed contemporaneously, we now apply that procedure to the record in this case.

### 3. NELSON'S CREDIT

The record establishes that Nelson was in custody for 9 days on the charge for which he was sentenced in CR22-1597 and for 232 days on the charge for which he was sentenced in both CR22-1597 and CR22-4477, for a total of 241 days of available credit under § 83-1,106(1). In each case, Nelson was sentenced to an indeterminate prison sentence of 6 to 10 years, and the sentences were ordered to be served concurrently.

Nelson had a total of 241 days of available credit under § 83-1,106(1). That credit must be applied, just once, to the aggregate of all terms imposed. It appears from the court's oral truth-in-sentencing advisement that this is the outcome the court intended, but its oral pronouncement, and the terms of the separate sentencing orders, said something different.

The order in CR22-1597 imposed a prison sentence of 6 to 10 years, ordered that sentence to run concurrently with the sentence in CR22-4477, and gave Nelson credit for 241 days previously served.

The order in CR22-4477 imposed a prison sentence of 6 to 10 years, ordered that sentence to run concurrently with the sentence in CR22-1597, but made no reference at all to credit for time served. The sentencing order directed that a commitment was to issue accordingly, and although the record on appeal does not include a commitment, we assume it was

---

[50] See § 83-1,106(3).

issued using language that mirrored the sentencing order and therefore did not reference any credit for time served.

When a trial court gives a defendant more or less credit than he or she is entitled to, that portion of the pronouncement of sentence is erroneous and may be corrected on direct appeal to reflect the accurate amount of credit as verified objectively by the record.[51] We therefore modify the sentencing order in CR22-4477 to state that "Nelson is entitled to 241 days of credit for time served against the aggregate of all terms imposed in CR22-4477 and CR-22-1597."[52] And we direct the district court, upon spreading the mandate, to modify the commitment accordingly using the same language.

## V. CONCLUSION

For the foregoing reasons, we modify the sentencing order to correct the award of credit for time served, and otherwise affirm the judgment.

Affirmed as modified.

Heavican, C.J., not participating in the decision.

---

[51] See *Rivera-Meister, supra* note 7.

[52] See *Williams, supra* note 27, 282 Neb. at 199, 802 N.W.2d at 434 (modifying sentencing order to clarify that all available jail credit was awarded "against the aggregate of the minimum and the aggregate of the maximum sentences" of imprisonment imposed).