IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. STANSALL


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

MICHAEL S. STANSALL, JR., APPELLANT.


Filed August 5, 2025.    Nos. A-25-194, A-25-195.


Appeals from the District Court for Dawson County: PATRICK M. HENG, Judge. Affirmed as modified.

Derek L. Mitchell for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.


RIEDMANN, Chief Judge, and MOORE and FREEMAN, Judges.

MOORE, Judge.

## INTRODUCTION

In these consolidated cases, Michael S. Stansall, Jr., was convicted in the district court for Dawson County of terroristic threats and second degree assault of a confined person. On appeal, he claims that the district court abused its discretion by imposing an improper and excessive sentence. We modify the award of credit for time served and otherwise affirm.

## STATEMENT OF FACTS

Pursuant to a plea agreement, Stansall pled no contest to terroristic threats, a Class IIIA felony, in case CR23-271, and to second degree assault of a confined person, a Class IIA felony, in case CR24-106.

The district court thoroughly advised Stansall of his various constitutional rights, and Stansall affirmatively indicated that he understood his rights and that he was freely and voluntarily

- 1 -

waiving his rights. The court explained to Stansall the possible penalties associated with a Class IIIA and Class IIA felony, which Stansall indicated he understood. The court also noted that it had the discretion to sentence him to either consecutive or concurrent sentences.

The State provided the factual bases for both charges, which Stansall did not contest. The district court found beyond a reasonable doubt that Stansall fully understood his rights and freely and voluntarily waived them; that he was acting voluntarily; that he fully understood the charges set forth in the amended information and the consequences of his plea; that his plea was made freely, voluntarily, knowingly, and intelligently; and that there was a sufficient factual basis for the court to accept the plea. The court accepted the plea and found Stansall guilty beyond a reasonable doubt of the charges.

At the sentencing hearing, the district court noted that it had reviewed the completed presentence investigation report (PSR), and it heard remarks from counsel and Stansall. Stansall's trial attorney noted that Stansall would soon be sentenced to a term of 51 to 60 months' imprisonment for a "federal post-release violation." Stansall's attorney requested that the court order the two sentences in the present cases to run concurrently to one another, as well as concurrently to Stansall's federal sentence.

The district court sentenced Stansall to a term of 30 to 36 months' imprisonment for the terroristic threats charge, and to a term of 6 to 10 years' imprisonment for the second degree assault of a confined person charge. The court ordered the sentences to be served consecutively. The court granted Stansall 473 days credit for time served on the terroristic threats charge and stated that no credit applied to the second degree assault of a confined person charge.

Stansall appeals.

## ASSIGNMENTS OF ERROR

Stansall assigns, restated and consolidated, that the district court abused its discretion by failing to consider the statutory sentencing factors and ordering the sentences to be served consecutively. Stansall also assigns that his credit for time served should have been applied to both cases.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Rivera-Meister*, 318 Neb. 164, 14 N.W.3d 1 (2024). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

## ANALYSIS

*Excessive Sentence.*

Stansall first claims that the district court abused its discretion when it imposed an excessive sentence.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. See *State v. King*, 316 Neb. 991, 7 N.W.3d 884 (2024). In determining a

sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*. Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively. *State v. Ezell*, 314 Neb. 825, 993 N.W.2d 449 (2023).

Stansall was sentenced to 30 to 36 months' imprisonment for the terroristic threats charge, a Class IIIA felony; and to 6 to 10 years' imprisonment for the second degree assault of a confined person charge, a Class IIA felony. A Class IIIA felony is punishable by up to 3 years' imprisonment and up to 18 months' post-release supervision, and a Class IIA felony is punishable by a maximum of 20 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). Thus, Stansall's sentences were within the statutory limits.

Nevertheless, Stansall argues that the district court abused its discretion by denying him probation and imposing excessive, consecutive sentences. Stansall also argues that the district court failed to adequately consider that Stansall took responsibility for his actions by entering a plea, the sentence he faced in federal court, his traumatic brain injury and resulting borderline intellectual functioning, and his history of substance use.

The PSR shows that Stansall was 33 years old at the time the report was prepared, was single with no dependents, and was a high school graduate. His criminal history dates back to 2010 and includes convictions of criminal mischief (four times), disturbing the peace (twice), intimidation by phone call, first and second degree trespass, contribute to the delinquency of a child (three times), various forms of theft, third degree domestic assault (twice), third degree assault of a peace officer or health care professional (twice), and assault causing bodily injury.

In 2015, Stansall was convicted in federal court of knowingly transporting a minor in interstate commerce intending to engage in unlawful sexual activity, for which he was sentenced to a term of 10 years' imprisonment and 15 years' supervised release. In January 2023, Stansall was released on probation but later violated his probation in May. An extradition warrant was issued in November 2023 and Stansall reported that he will serve a term of 51 to 60 months' imprisonment for the violation. On the Level of Service/Case Management Inventory, Stansall scored in the overall very high risk to reoffend category.

During Stansall's PSR interview, he reported suffering physical abuse by his mother, including when he was 18 months old and his mother "was high on drugs, and threw me, or dropped me," resulting in a traumatic brain injury. When Stansall was roughly 8 years old, he was removed from the home after experiencing violent thoughts toward his sibling and a subsequent mental breakdown. During his adolescence, Stansall stayed in various behavioral and psychiatric health units across the Midwest. Stansall reported that he has several mental health diagnoses, including borderline personality disorder, depression, anxiety, "ADHD," "PTSD," and a learning disability. Stansall stated that his "IQ is 81."

Stansall also reported during his PSR interview that he used marijuana and methamphetamine, and consumed alcohol, daily for several years. After he was prescribed pain

medication following a bicycle accident and an unrelated knee surgery, Stansall began to abuse opiates and would obtain the drugs by overexaggerating his pain to medical providers. Stansall reported that he consumed alcohol and used methamphetamine and opiates while in federal prison but had ceased all drug use by August 2021. However, in a substance use evaluation attached to the PSR, Stansall indicated that he had last used any alcohol or drugs more recently in 2023.

At the sentencing hearing, the district court indicated that it had reviewed the PSR, which contained the mitigating factors argued by Stansall. The court agreed with the PSR's recommendation that Stansall not be sentenced to probation. The court noted that it had reviewed the statutory factors, including Stansall's criminal history which included a prior conviction of assault of a peace officer in 2015. The court found that because the case involved a repeated offense of assaulting a peace officer, and Stansall was not taking any accountability in the case, that incarceration was appropriate.

We find no abuse of discretion by the district court in the sentences imposed.

*Credit for Time Served.*

The State submits that though the district court did not abuse its discretion in sentencing Stansall to the consecutive imprisonment terms, the district court committed plain error in granting Stansall 473 days' credit on only the shorter of the two imprisonment terms, the sentence imposed in CR23-271, and not to the aggregate. Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Starks*, 308 Neb. 527, 955 N.W.2d 313 (2021). A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *Id*. Whether a sentence is authorized by statute presents a question of law, which we review de novo. *Id*.

When a court imposes multiple sentences contemporaneously, whether such sentences are ordered to be served consecutively or concurrently, all available credit for time served under Neb. Rev. Stat. § 83-1,106(1) (Reissue 2024) is applied just once, to the aggregate of all terms imposed. *State v. Nelson*, 318 Neb. 484, 16 N.W.3d 883 (2025).

In this case, Stansall was awarded a credit of 473 days against his sentence in case CR23-271 and was awarded no credit for case CR24-106. The PSR reflects that the credit in case CR23-271 was for the time Stansall spent in custody from October 31, 2023, through February 14, 2025. The PSR reflects that the time Stansall spent in custody for case CR24-106 was from March 4, 2024, through February 14, 2025, all of which were dates included in his credit for case CR23-271. As the State submits, because the 348 days credit for CR24-106 overlaps with Stansall's time served for CR 23-271, Stansall must receive credit for a total of 473 days as applied to the aggregate of the consecutive sentences imposed here. See *State v. Nelson, supra*.

When a trial court gives a defendant more or less credit than he or she is entitled to, that portion of the pronouncement of sentence is erroneous and may be corrected on direct appeal to reflect the accurate amount of credit as verified objectively by the record. *Id*. We therefore modify the sentencing orders to specify that Stansall is entitled to credit for 348 days in CR24-106 and 473 days in CR23-271; however, because the 348 days in CR24-106 overlapped with Stansall's time served for CR23-271, Stansall is entitled to credit for a total of 473 days to the aggregate of

the consecutive sentences imposed here. Therefore, after each sentencing order specifies how many days are attributable to each sentence separately, the sentencing orders in both cases should state that "Stansall is entitled to 473 days of credit for time served against the aggregate of all terms imposed in CR23-271 and CR24-106." And we direct the district court, upon spreading the mandate, to modify the commitment accordingly using the same language.

CONCLUSION

For the foregoing reasons, we modify the sentencing orders to correct the award of credit for time served as specified above, and otherwise affirm the judgments.

AFFIRMED AS MODIFIED.