IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. NIELSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SABRINA M. NIELSON, APPELLANT.

Filed August 5, 2025.    No. A-24-943.

Appeal from the District Court for Douglas County: LEIGH ANN RETELSDORF, Judge. Affirmed as modified.

Timothy L. Ashford for appellant.

Michael T. Hilgers, Attorney General, and Nathan A. Liss for appellee.

RIEDMANN, Chief Judge, and MOORE and FREEMAN, Judges.

RIEDMANN, Chief Judge.

INTRODUCTION

Sabrina M. Nielson appeals from the order of the district court for Douglas County sentencing her to 4 to 8 years' incarceration and granting her 122 days' credit for time served. Because we find the court erred in denying her credit for time served under another case, we modify the court's order to award Nielson an additional 331 days' credit for time served.

BACKGROUND

In May 2023, the State filed an information under CR23-2711 in the district court, charging Nielson with theft by receiving stolen property, $5,000 or more. The record discloses Nielson was incarcerated under CR23-2711 from May 19, until July 27, 2023, when she was released to attend substance abuse treatment. However, on November 5, she was arrested for unrelated offenses, which were later charged under CR23-5797 in the same court.

- 1 -

At a September 30, 2024, hearing, Nielson, who remained incarcerated from her November 5, 2023, arrest, pled no contest to the charge in CR23-2711 and, in exchange, the State dismissed the entirety of CR23-5797, as well as another case. The court accepted Nielson's plea and adjudged her guilty of theft by receipt of stolen property, $5,000 or more, ordered a presentence investigation report (PSI), and scheduled a sentencing hearing. Bond on CR23-2711 was modified and Nielson was held without bond under CR23-2711 until the sentencing hearing on November 20, 2024.

At the sentencing hearing, Nielson and her counsel argued that she should receive credit for time served under CR23-5797, from November 5, 2023, until September 30, 2024. The court responded that it did not "think [it could] legally give her credit for that time served" other than on the "charge that she pled to." The court stated it would give Nielson credit for the period of time she was incarcerated under CR23-2711 between May 19 and July 27, 2023, and between September 30, 2023, and November 5, 2024. It sentenced Nielson to 4 to 8 years' incarceration and gave her credit for 122 days' time served.

ASSIGNMENTS OF ERROR

Nielson assigns, restated and condensed, that (1) the court erred by failing to apply the time she served under CR23-5797 as a credit against her sentence imposed under CR23-2711, and (2) Neb. Rev. Stat. § 83-1,106 (Reissue 2024) and Neb. Rev. Stat. § 47-503 (Reissue 2021) are unconstitutional.

Neb. Ct. R. App. P. § 2-109(E) (rev. 2024) provides, in part, that a party challenging the constitutionality of a Nebraska statute must file and serve notice thereof with the Supreme Court Clerk. If a party fails to file such notice, the constitutional question will not be addressed except by a special order, issued at the discretion of the Nebraska Supreme Court. See *id.*

Here, Nielson failed to comply with § 2-109(E) because she did not file notice of her constitutional challenge with the Clerk. We therefore decline to address her second assigned error.

STANDARD OF REVIEW

Whether a defendant is entitled to credit for time served and in what amount are questions of law, subject to appellate review independent of the lower court. *State v. Nelson*, 318 Neb. 484, 16 N.W.3d 883 (2025).

ANALYSIS

Nielson assigns that the district court erred in not crediting her sentence for time served under CR23-5797 and contends that she is entitled to this credit for various reasons. She originally asserted she was entitled to either an additional 331 days' credit, according to probation's calculation, or 381 days' credit, according to her own estimation. However, she concedes in her reply brief the correct amount of credit is 331 days.

The State agrees the district court erred by refusing to grant Nielson credit for time served under CR23-5797 and asks that we modify Nielson's credit to award her an additional 331 days of time served, as is authorized by *State v. Carngbe*, 288 Neb. 347, 847 N.W.2d 302 (2014). In *Carngbe*, the Supreme Court modified a defendant's sentence after finding that the defendant was not properly credited for time served pursuant to Neb. Rev. Stat. § 83-1,106(4) (Reissue 2014).

Section 83-1,106(4) provides in relevant part:

If the offender is arrested on one charge and prosecuted on another charge growing out of conduct which occurred prior to his or her arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge which has not been credited against another sentence.

Here, Nielson was incarcerated under CR23-2711 on May 19, 2023, and was released to attend treatment July 27, 2023. Nielson was arrested again on November 5, 2023, for offenses charged under CR23-5797. She was incarcerated on those charges from the time of her arrest until the plea hearing on September 30, 2024. During the September 2024 plea hearing, CR23-5797 was dismissed by the State, but Nielson's bond on CR23-2711 was modified and she was held without bond on those charges until she was sentenced in November. Because the offense for which Nielson was ultimately convicted and sentenced for under CR23-2711 occurred prior to her arrest for the charges under CR23-5797, which were later dismissed, Nielson was entitled to have the time she spent in custody for the charges under CR23-5797 applied to her sentence imposed under CR23-2711.

The State asserts Nielson is entitled to 331 days' credit for time spent in custody under CR23-5797, in addition to the 122 days' credit already given by the court for time served under CR23-2711. In her reply brief, Nielson concurs with this analysis. Based upon our independent calculations, we also concur and conclude Nielson is entitled to a total of 453 days' credit for time served.

CONCLUSION

Nielson is entitled to an additional 331 days' credit for time served. We therefore modify her sentence to increase her credit for time served from 122 days to 453 days. The decision of district court is affirmed as modified.

AFFIRMED AS MODIFIED.