IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. BLACK

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JAYNA L. BLACK, APPELLANT.

Filed October 7, 2025.    No. A-25-318.

Appeal from the District Court for Lancaster County: SUSAN I. STRONG, Judge. Affirmed as modified.

Kristi J. Egger, Lancaster County Public Defender, and Shawn Elliott for appellant.

Michael T. Hilgers, Attorney General, Teryn Blessin, and Danielle Jewell, Senior Certified Law Student, for appellee.

RIEDMANN, Chief Judge, and MOORE and WELCH, Judges.

MOORE, Judge.

## I. INTRODUCTION

Jayna L. Black appeals from her plea-based conviction in the district court for Lancaster County for driving during revocation and driving under the influence (DUI). Black claims on appeal that the district court abused its discretion by imposing an excessive sentence and that she was denied the effective assistance of trial counsel. We modify the award of credit for time served and otherwise affirm.

## II. STATEMENT OF FACTS

Black was charged by complaint in Lancaster County Court with driving during revocation (subsequent offense), a Class IIA felony, and DUI (fourth offense), a Class IIIA felony. The case

- 1 -

was subsequently bound over to district court where Black was charged by information with identical counts.

At the plea hearing, the State informed the district court that Black would be withdrawing her previously entered plea of not guilty and entering a plea of no contest to one count of driving during revocation (subsequent offense) and one count of DUI (fourth offense). In exchange the State would dismiss another criminal case against Black, in which she had also been charged with one count of driving during revocation (subsequent offense). Black affirmed and pled no contest.

The district court thoroughly advised Black of her various constitutional rights, and Black affirmatively indicated that she understood her rights and that she was freely and voluntarily waiving her rights. The court explained to Black the charges and possible penalties associated with a Class IIA and Class IIIA felony. Black indicated she understood.

The district court inquired as to whether Black was taking any prescription medications. Black advised that she was taking Wellbutrin and Hydroxyzine, and that her medications did not impair her ability to understand the proceedings or interfere with her ability to enter a plea. In addressing Black's competency, the court noted that Black was "following my questions; that she is giving suitable answers to the questions asked; that physically, including her eyes, speech and hearing, she appears to be normal[.]" The court concluded that Black was not affected by alcohol, narcotics, or other medications, and was competent to proceed.

The district court asked Black if she had received any promises, threats, or inducements regarding her no contest plea, which Black denied. Black denied that the court had used any words, phrases, or sentences which she did not understand. Black also affirmed that she had enough time to discuss her case, the evidence, and any defenses with her attorney, and that she believed her attorney had properly represented her.

The State provided the factual basis. In the early morning hours of September 25, 2024, officers with the Lincoln Police Department were dispatched to the Bryan East emergency room on the report of nursing staff who were concerned that Black was under the influence of narcotics or alcohol and was going to drive her vehicle. Officers responded but determined that Black had already left the area.

An officer located Black's vehicle on the Lincoln roadways and conducted a traffic stop due to an expired registration. Black was the driver and sole occupant of the vehicle. Officers observed Black to be "very lethargic and groggy. She had slow speech, droopy eye lids. She agreed to perform standardized field sobriety tests which she ultimately failed."

Black was placed under arrest and transported for formal testing with a drug recognition officer at the jail. An evaluation determined that Black was "under the influence of a CNS stimulant and unable to safely operate a motor vehicle. She submitted to a urine sample that was tested at the State lab, [and] came back positive for bupropion, clonazepam, [and] norchlorcyclizines."

Black's license had previously been revoked, due to a conviction of driving during revocation, from June 2017 to June 2032. Black was not operating her vehicle pursuant to an ignition interlock permit or device, or a "24/7 sobriety permit" when she was arrested for this driving offense on the public roadways of Lincoln.

The district court took up the matter of enhancement for both charges. The State offered, and the court received, one previous conviction for driving during revocation and three previous convictions for DUI. The court found that Black was properly charged.

The district court found beyond a reasonable doubt that Black fully understood her rights and freely and voluntarily waived them; that she was acting voluntarily; that she fully understood the charges against her and the consequences of her plea; that her plea was made freely, voluntarily, knowingly, and intelligently; and that there was a sufficient factual basis for the court to accept the plea.

At the sentencing hearing, the district court stated that it had reviewed the completed presentence investigation report (PSR), and it heard remarks from counsel. Black's trial counsel argued that Black should be placed on probation and noted that Black's age, alcohol abuse problems, need for treatment, and the good relationships she has with her family were mitigating factors that supported a sentence of probation. Black did not make any remarks.

The district court sentenced Black to 3 to 5 years' imprisonment and a 15-year driver's license revocation on the driving during revocation (subsequent offense) conviction and to 2 to 3 years' imprisonment and a 15-year driver's license revocation on the DUI (fourth offense) conviction. The court ordered the sentences to run consecutively to one another and the license revocations to run concurrently and granted Black 187 days credit for time served.

Black appeals.

## III. ASSIGNMENTS OF ERROR

Black assigns that (1) the district court erred by imposing an excessive sentence, and that her trial counsel was ineffective due to trial counsel's (2) failure to have Black evaluated to determine whether she was competent to stand trial; (3) failure to share and address discovery with Black; and (4) failure to argue Black's mental health issues as a mitigating factor at sentencing.

## IV. STANDARD OF REVIEW

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Woolridge-Jones*, 316 Neb. 500, 5 N.W.3d 426 (2024). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

Whether a defendant is entitled to credit for time served and in what amount are questions of law, subject to appellate review independent of the lower court. *State v. Nelson*, 318 Neb. 484, 16 N.W.3d 883 (2025).

Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *State v. Clark*, 315 Neb. 736, 1 N.W.3d 487 (2024). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

## V. ANALYSIS

### 1. EXCESSIVE SENTENCE

Black first claims that the district court abused its discretion when it imposed excessive sentences.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. See *State v. King*, 316 Neb. 991, 7 N.W.3d 884 (2024). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Black was convicted of driving under revocation (subsequent offense), a Class IIA felony and DUI (fourth offense), a Class IIIA felony. A Class IIA felony is punishable by a maximum of 20 years' imprisonment and a Class IIIA felony is punishable by a maximum of 3 years' imprisonment and 18 months' post-release supervision, a $10,000 fine, or both. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). Black's consecutive sentences of 3 to 5 years' imprisonment for driving under revocation (subsequent offense), and 2 to 3 years' imprisonment for DUI (fourth offense) are within the statutory limits.

Black nevertheless claims that the district court abused its discretion, arguing that the court failed to adequately consider Black's significant mental health issues.

The PSR shows that Black was 46 years old at the time the report was prepared, was single with no dependents (though she has five children), and had earned her GED. Black's criminal history dates back to 1996 and includes convictions for making a false report (twice); possession of stolen property; theft by shoplifting; disturbing the peace (twice); third degree assault (twice); assault; negligent care of a minor; child abuse; operating a vehicle without a license (twice); operating a vehicle to avoid arrest; driving during suspension; driving during revocation; and DUI (three times). For these offenses Black paid fines and served periods of probation and incarceration. Black's driver's license was revoked for 15 years in June 2017 following her conviction for driving during revocation. On the Level of Service/Case Management Inventory, Black scored in the overall very high risk to reoffend category.

Black reported using marijuana, methamphetamine, and alcohol in the past. Black has been to substance abuse treatment five times and her most recent treatment was completed in June 2024. Black has been diagnosed with depression, anxiety, and post-traumatic stress disorder. At the time of the report, Black was participating in therapy and taking medication to address her mental health issues. Black did report that she hears "3 clear voices of people talking" and acknowledged that medication does not help with this. She also reported having attempted suicide twice, the latest attempt being 4 to 5 years ago. She reported being hospitalized for psychiatric reasons in September 2024.

Black was unable to recall the events leading to her arrest. The PSR noted that Black had completed a mental health screening and "responded to 12 of 18 possible items indicating a possible need for further intervention and mental health support." On an attached adult information worksheet dated February 2025, Black described her mental health as "good."

At the sentencing hearing, the district court indicated that it had reviewed the statutory factors, as well as the PSR, which contained the mitigating factors argued by Black. The court considered the comments of Black's trial counsel, which included statements about Black's substance abuse and need for treatment. The court found that imprisonment of Black is necessary for the protection of the public because the risk is substantial that during any period of probation, Black would engage in additional criminal conduct, and a lesser sentence would depreciate the seriousness of Black's crimes and promote disrespect for the law.

The record supports that the district court considered the appropriate factors in sentencing Black. We find no abuse of discretion by the district court in the sentences imposed.

## 2. CREDIT FOR TIME SERVED

Although not raised by either party, we find plain error in the district court's application of credit for time served. Consideration of plain error occurs at the discretion of an appellate court. *State v. Mabior*, 314 Neb. 932, 994 N.W.2d 65 (2023). Plain error may be found on appeal when an error unasserted at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *Id*.

In its sentencing order, the district court found that Black should receive 187 days credit "for time served on this case." In the commitment ordered by the court, the court appears to have applied Black's time served credit to her first count, driving during revocation (subsequent offense), rather than to the aggregate of all terms imposed.

Nebraska appellate courts have construed Neb. Rev. Stat. § 83-1,106(1) (Reissue 2024) to require sentencing courts to apply all available credit, but only once. See *State v. Nelson, supra*. In the past, Nebraska courts have used different procedures to apply credit depending upon whether the sentencing court imposed consecutive or concurrent sentences. *Id*. However, the Supreme Court recently clarified that when a court imposes multiple sentences contemporaneously, whether such sentences are ordered to be served consecutively or concurrently, all available credit for time served under § 83-1,106(1) is applied just once, to the aggregate of all terms imposed. See *State v. Nelson, supra*.

When a trial court gives a defendant more or less credit than he or she is entitled to, that portion of the pronouncement of sentence is erroneous and may be corrected on direct appeal to reflect the accurate amount of credit as verified objectively by the record. *Id*. We therefore modify the sentencing order to specify that Black is entitled to credit for a total of 187 days to the aggregate of the consecutive sentences imposed here. The sentencing order should state that "Black is entitled to 187 days of credit for time served against the aggregate of all terms imposed in CR24-1647." And we direct the district court, upon spreading the mandate, to modify the commitment accordingly using the same language.

### 3. INEFFECTIVE ASSISTANCE OF COUNSEL

Through different counsel, Black contends that her trial counsel provided ineffective assistance in three ways. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. See *State v. Clark, supra*. However, the fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id*. The determining factor is whether the record is sufficient to adequately review the question under the standard of review previously noted. *Id*. The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*.

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. See *State v. Clark, supra*. To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. See *State v. Anthony*, 29 Neb. App. 839, 961 N.W.2d 545 (2021). A reasonable probability is a probability sufficient to undermine confidence in the outcome. See *State v. Clark, supra*.

#### (a) Failure to Evaluate Black's Competency

Black argues that she did not understand the court proceedings in which she participated and that her ongoing mental health issues rendered her incompetent to stand trial. Therefore, Black was unable to make a "rational defense[.]" Brief for appellant at 19. Black contends that her trial counsel should have sought to have her competency evaluated.

In order to demonstrate prejudice from counsel's failure to investigate competency and for failing to seek a competency hearing, the defendant must demonstrate that there is a reasonable probability that he or she was, in fact, incompetent and that the trial court would have found him or her incompetent had a competency hearing been conducted. *State v. Hessler*, 295 Neb. 70, 886 N.W.2d 280 (2016).

At the plea hearing, the district court engaged in a colloquy with Black and found her competent as Black was following the court's questions, gave suitable answers to the questions the court asked, and appeared to the court to be normal. Later in the plea hearing, Black assured the court that it had not used any words, phrases, or sentences she did not understand and that she did not have any questions. There is no evidence in the record to suggest that there is a reasonable probability that the district court would have found Black incompetent had a competency hearing been conducted. Black cannot establish prejudice and this claim fails.

(b) Failure to Share and Address Discovery

Black next argues that her trial counsel failed to share and address discovery with her, specifically body camera footage of the traffic stop and DUI investigation, and the lab analysis of Black's urine sample taken at the time of her arrest. Black alleges that had she been aware of how she appeared in the video footage, as well as the results of the urinalysis, she could have explained to trial counsel that she was sleep deprived and mentally unwell at the time of her arrest as opposed to being under the influence. Black argues that she had only taken her medication as prescribed and had never been advised to not operate a motor vehicle while taking such medication. She further argues that prior to her arrest, she had been victimized by being sex trafficked and was in fear, which combined with her long-standing mental health issues, resulted in her being sleep deprived and in a lethargic state with delayed reaction time. Black contends that trial counsel's failure to share discovery with her materially impacted Black's ability to assert a defense to the DUI charge.

In *State v. Dap*, 315 Neb. 466, 997 N.W.2d 363 (2023), the Nebraska Supreme Court addressed a similar claim that the defendant's counsel was ineffective for failing to share discovery with him in relation to a shooting crime. In addressing whether the claim was stated with sufficient specificity, the Nebraska Supreme Court stated:

> [The defendant] does not identify any reports that would have aided his defense, any inaccuracies that were contained therein, any potential defenses, or any potential witnesses who would have testified either that someone other than [the defendant] possessed the gun or that it was not fired at the apartment building. Although we have some doubt regarding whether [the defendant] sufficiently pled this claim, both parties assert that the record is insufficient to review it.

*State v. Dap*, 315 Neb. at 477-78, 997 N.W.2d at 373-74.

Here, Black does identify the discovery that she claims would have aided her defense. While the State argues that Black was not prejudiced by this alleged failure of her trial counsel, it alternatively submits that the record is insufficient to decide this claim on direct appeal because the record does not contain any discussions or meetings between trial counsel and Black involving discovery. We agree.

Black alleged that she did not remember the events leading to her arrest, including the traffic stop, due to her mental health issues and fatigue, and that she was taking her prescribed medication at the time. Our record does not contain any discussion between Black and her trial counsel regarding these matters and whether the body camera footage and lab results would have supported her assertions. The record is insufficient to review this claim of ineffective assistance of counsel and it is preserved for postconviction review.

(c) Failure to Argue Mental Health as Mitigating Factor

Finally, Black argues that her trial counsel failed to argue her mental health was a mitigating factor at sentencing. Black contends that if trial counsel had highlighted Black's significant mental health issues, the district court may have imposed a lesser sentence of incarceration. Black concedes that the PSR contained information regarding Black's mental health

issues but asserts that "the mere presentation of such information in that type of format is not equivalent to advocating for a reduced sentence based on such." Brief for appellant at 24.

At sentencing, the district court stated it had reviewed the PSR, which contained all the information regarding Black's mental health issues that Black references in her brief. Though Black assigns that trial counsel should have advanced an argument regarding her mental health, Black fails to provide any additional information about her mental health issues beyond what was contained in the PSR. Therefore, even if trial counsel had argued at sentencing that Black's mental health issues were a mitigating factor, the result of the proceeding would not have been different. Additionally, Black had an opportunity to inform the district court of her mental health issues at the sentencing hearing and chose not to. Black cannot establish any prejudice and this claim fails.

## VI. CONCLUSION

We find that Black's claims of ineffective assistance of trial counsel regarding failure to seek a competency evaluation and argue her mental health condition at sentencing fail and are not preserved for postconviction review. Her claim of ineffective assistance of counsel regarding failure to share discovery is preserved. The sentences imposed were not excessive, though we modify the sentencing order to correct the award of credit for time served as specified above. We affirm as modified Black's convictions and sentences.

AFFIRMED AS MODIFIED.