IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. CANTY-NEELY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

TAHASHAYE T. CANTY-NEELY, APPELLANT.

Filed September 30, 2025.    No. A-25-126.

Appeal from the District Court for Madison County: JAMES G. KUBE, Judge. Affirmed as modified.

Brett McArthur for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

RIEDMANN, Chief Judge, and MOORE and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Tahashaye T. Canty-Neely appeals his plea-based convictions of possession of cocaine with the intent to deliver, attempted tampering with evidence, and attempted child abuse. On appeal, he assigns as error that the district court erred in denying his motion to withdraw his pleas, in imposing excessive sentences, and that his "[t]rial counsel was deficient." For the reasons set forth herein, we affirm as modified.

## STATEMENT OF FACTS

### CHARGED OFFENSES AND ARRAIGNMENT

Canty-Neely was charged, by amended information, with six felonies: possession of cocaine with intent to deliver, a Class ID felony; possession of marijuana with the intent to deliver or distribute, a Class IIA felony; possession of a controlled substance (psilocybin), a Class IV

- 1 -

felony; possession of money used to facilitate a violation of Neb. Rev. Stat. § 28-416(1) (Cum. Supp. 2024), a Class IV felony; tampering with evidence, a Class II felony; and child abuse, a Class IIIA felony. As relevant to this appeal, Canty-Neely was arraigned regarding the charge of possession of cocaine with the intent to deliver and was advised that the offense was a Class ID felony punishable by a mandatory minimum of 3 years' imprisonment and a maximum of 50 years' imprisonment.

Thereafter, a plea agreement was reached wherein Canty-Neely would plead to a second amended information charging him with possession of cocaine with the intent to deliver, a Class ID felony; attempted tampering with evidence, a Class IIA felony; and attempted child abuse, a Class IV felony. Canty-Neely was arraigned on the charges of attempted tampering with evidence and attempted child abuse during the plea hearing.

PLEA HEARING

During the plea hearing, defense counsel queried whether the charge of attempted tampering with evidence was a Class IIA or a Class III felony. After the court clarified that attempted tampering with evidence had been properly charged in the second amended information as a Class IIA felony, defense counsel stated, "[T]hat is not how I explained it" to Canty-Neely. At that time, a recess was taken to allow Canty-Neely and his counsel time to converse. After court reconvened, defense counsel stated that, "during the break I did explain to [Canty-Neely] that [the charge of attempted tampering with evidence] is a [Class] IIA [felony] and the potential penalty range on that. He's indicated that he's prepared to go forward with the [Second] Amended Information." During the hearing, another break was held to allow Canty-Neely to speak with his counsel. When court resumed, the following colloquy took place between defense counsel, the court, and Canty-Neely:

[Defense Counsel:] Yes, Your Honor, [Canty-Neely is] prepared to go forward.

THE COURT: Is there any aspect of the plea agreement that you haven't explained to me?

[Defense Counsel:] No, Your Honor, there's no agreement on the sentencing, we're free to argue.

THE COURT: Is that your understanding of the plea agreement, sir?

[Canty-Neely:] Yes.

THE COURT: Is that yours as well?

[The prosecutor:] It is, Your Honor.

THE COURT: Mr. Canty-Neely, do you recall when we were in court for your arraignment hearing and on that date I advised you of your statutory and constitutional rights?

[Canty-Neely:] Yep.

THE COURT: Do you have any questions about those?

[Canty-Neely:] No.

THE COURT: Do you want me to repeat any of that information for you?

[Canty-Neely:] No.

During the hearing, the court arraigned Canty-Neely on the charge of attempted tampering with evidence, noting that the charge was a Class IIA felony "punishable by up to 20 years of imprisonment, with a minimum of nothing," and the charge of attempted child abuse, noting that the charge was a Class IV felony punishable by a minimum of no imprisonment and a maximum of 2 years' imprisonment, a $10,000 fine, or both, and that a period of post-release supervision could also be ordered. Canty-Neely responded in the affirmative when asked if he understood the nature of the charges and the possible penalties. Canty-Neely then pled no contest to the three charged offenses and the following colloquy was held between the court and Canty-Neely:

THE COURT: And are you pleading no contest to each of those charges today freely and voluntarily?

[Canty-Neely:] Yes.

THE COURT: Are you under the influence of any alcohol or illegal drug today?

[Canty-Neely:] No.

THE COURT: Has anyone made any threats, used any force, or promised you anything in exchange for your pleas today aside from the plea agreement that's been explained?

[Canty-Neely:] No.

. . . .

THE COURT: And do you feel like you've had a sufficient amount of time to discuss your entire case with [defense counsel]?

[Canty-Neely:] Yes.

THE COURT: And are you satisfied with the legal services that have been provided to you thus far?

[Canty-Neely:] At the beginning I was, but toward the end things got a little shaky, but I'm willing to go forward.

THE COURT: Knowing all of that then, is it still your desire to plead no contest to each of these three crimes today?

[Canty-Neely:] Yes.

The State the provided a factual basis for the three charged offenses:

Your Honor, on [February 2, 2024,] law enforcement served a search warrant on a residence in Norfolk, Madison County, Nebraska. This was a residence at which [Canty-Neely] was residing in at the time. Another resident who was living there at the time told law enforcement officers as soon as they knocked on the door and announced themselves that [Canty-Neely,] who had been sleeping in one of the bedrooms, jumped up, ran into the bathroom, where evidence then showed that he proceeded to try and flush as much of the drugs down the toilet as he could. They found a plunger right next to the toilet, which was wet. They found water next to the floor around the toilet. They found water on the rim of the toilet bowl, as well.

Additionally, next to the toilet in the trash can they found a torn open baggy of a substance that was later identified as cocaine. The amount of cocaine that was left was still over 10 grams at that point, Your Honor.

Additionally, law enforcement had contact[,] previous to this[,] with a named informant who informed them that [Canty-Neely] had been selling [drugs] out of this residence, cocaine and other substances, for at least a two-year time period, Your Honor, [a] significant amount, as well.

During the search of the residence they found at least one, . . . perhaps two, very young children . . . They were living there while this type of behavior, drug dealing, was taking place. Additionally, at least one of the children had a hair follicle test done and that showed a positive test for cocaine and cannabinoids, Your Honor. All these events [occurred] with Madison County, Nebraska.

The court found Canty-Neely guilty of the charged offenses and, although Canty-Neely wanted to waive the presentence investigation report (PSR) and be sentenced the same day, the court denied the request, noting "that presentence investigation reports help me determine what the proper sentence is or, at least, what my opinion is . . ."

MOTION TO WITHDRAW PLEAS

Prior to sentencing, Canty-Neely filed a motion to withdraw his previously entered pleas on the bases that he "believe[d] his decision was rushed and not fully appreciated." Canty-Neely advised the court that the factual basis as provided by the State differed from that set forth in the PSR, and that he felt rushed on the day that he entered his pleas. The State objected, noting that the Court made a very clear record during the plea hearing that Canty-Neely had been provided the necessary rights and advisements.

The court denied Canty-Neely's request to withdraw his no contest pleas, noting in its written order that

during the [plea] hearing, [Canty-Neely] wanted to take a break to talk to his counsel before proceeding, and that the Court complied with his request. When [Canty-Neely] was ready, the hearing continued. [Canty-Neely] explained that he was ready to proceed and that he was prepared to enter his pleas. The Court asked if [Canty-Neely] needed more time to talk to his attorney, . . . which [Canty-Neely] denied. The Court noted that [Canty-Neely] had previously entered his pleas freely and voluntarily, and that [Canty-Neely] was not under duress.

SENTENCING

During the sentencing hearing, the court conversed with Canty-Neely regarding Canty-Neely's age, education and work history, family, relationships with his children and involvement in their lives, his alcohol and drug use, and the amounts and variety of drugs found in Canty-Neely's residence. The court stated to Canty-Neely that

it looks like you were at least involved with a lot of movement of drugs in the area . . . We all realize that there's drug use going on, but when there's a large amount of drugs that are found with this type of paraphernalia, it indicates that you're the one that's helping to distribute those controlled substances in the community, and that's what people are most scared of and most concerned about.

The court further stated:

> This is a pretty serious crime, obviously, when you're dealing controlled substances. . . . And . . . you have a good relationship with your family and your kids. I think that's great, but your kids need you to make good decisions . . . and you need to show them . . . the right way to live . . . your life.
>
> And . . . you know right from wrong, you knew that what you were doing wasn't the right thing to do. And you're right, you just need to start making better decisions and change your life, do what you can.

The district court sentenced Canty-Neely to 10 to 12 years' imprisonment for possession of cocaine with the intent to deliver with credit for 219 days previously served. For attempted tampering with evidence and attempted child abuse, on each conviction, the court sentenced Canty-Neely to 1 to 2 years' imprisonment. All three sentences were ordered to run consecutively. Canty-Neely has timely appealed to this court and is represented by different counsel on appeal.

## ASSIGNMENTS OF ERROR

Canty-Neely assigns as error that (1) the district court erred in denying his motion to withdraw his pleas, (2) the sentences imposed are excessive, and (3) his "[t]rial counsel was deficient."

## STANDARD OF REVIEW

A trial court has discretion to allow defendants to withdraw their guilty or no contest pleas before sentencing. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024). An appellate court will not disturb the trial court's ruling on a presentencing motion to withdraw a guilty or no contest plea absent an abuse of discretion. *Id.*

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Alkazahy*, 314 Neb. 406, 990 N.W.2d 740 (2023).

Whether a claim of ineffective assistance of counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Npimnee*, 316 Neb. 1, 2 N.W.3d 620 (2024). In reviewing a claim of ineffective assistance of counsel on direct appeal, an appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id.*

## ANALYSIS

### DENIAL OF MOTION TO WITHDRAW NO CONTEST PLEAS

Canty-Neely first contends that the district court erred in denying his motion to withdraw his no contest pleas. He argues that trial counsel incorrectly informed him of the correct penalties

prior to the plea hearing, he felt "rushed" in accepting his plea, and counsel "bullied" him into continuing with his plea. Brief for appellant at 12.

The right to withdraw a plea previously entered is not absolute. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024); *State v. Warner*, 312 Neb. 116, 977 N.W.2d 904 (2022). When a defendant moves to withdraw his or her plea before sentencing, a court, in its discretion, may sustain the motion for any fair and just reason, provided that such withdrawal would not substantially prejudice the prosecution. *State v. Miller, supra*; *State v. Warner, supra*. The defendant has the burden to show the grounds for withdrawal by clear and convincing evidence. *State v. Miller, supra*; *State v. Warner, supra*.

Regarding Canty-Neely's stated reason for requesting to withdraw his pleas on the basis that his trial counsel incorrectly informed him of the correct penalties prior to the plea hearing, the record reflects that Canty-Neely was properly advised of the correct penalties for the offenses of possession of cocaine with the intent to deliver and attempted child abuse. The record further reflects that during the plea hearing, defense counsel admitted that he had misinformed Canty-Neely that attempted tampering with evidence was a Class III felony instead of its correct classification as a Class IIA felony. At that time, the court recessed to allow counsel to explain the correct classification and penalty range for attempted tampering with evidence. Following that recess, Canty-Neely affirmed that he wanted to go forward with the plea agreement. The court then correctly advised Canty-Neely, on the record, of the correct classification of attempted tampering with evidence as a Class IIA felony and properly advised him that the Class IIA felony was "punishable by up to 20 years of imprisonment, with a minimum of nothing." After being advised of the correct statutory sentencing range for the Class IIA felony of attempted tampering with evidence, Canty-Neely responded in the affirmative when asked if he understood the nature of the charges and the possible penalties and then pled no contest to the charged offenses.

Regarding Canty-Neely's claims that the district court erred in not allowing him to withdraw his plea because he felt "rushed" in accepting his plea and counsel "bullied" him into continuing with his plea, brief for appellant at 12, the record refutes these claims. Following his pleas of no contest, Canty-Neely acknowledged that he was pleading no contest to each of the charges freely and voluntarily; he had not been threatened, forced, or promised anything in exchange for his pleas other than the plea agreement; and he acknowledged that he had sufficient time to discuss his case with defense counsel.

With the record of the plea hearing establishing that he was properly advised of the statutory sentencing ranges for the charges against him and the record refuting Canty-Neely's claims of feeling "rushed" and "bullied" into pleading no contest to the charges, we read Canty-Neely's asserted reasons as merely reflecting that he changed his mind about entering the no contest pleas. As the Nebraska Supreme Court noted in *State v. Miller*, 315 Neb. 951, 968, 2 N.W.3d 345, 360 (2024):

> "[A] defendant's change of mind alone is not a fair and just reason to withdraw a guilty or no contest plea . . . [i]f second thoughts alone could constitute a fair and just reason to withdraw a plea, the requirement that a defendant demonstrate a fair and just reason before being permitted to withdraw a plea would be rendered completely hollow." *State v. Warner*, 312 Neb. 116, 126, 977 N.W.2d 904, 912 (2022).

Based on the record before this court, Canty-Neely has not met his burden of demonstrating, clearly and convincingly, a fair and just reason to withdraw his pleas. Accordingly, the district court did not abuse its discretion in denying his request to withdraw his pleas. This assignment of error fails.

Canty-Neely's second assignment of error is that the sentences imposed are excessive. He argues that the district court failed to give adequate weight to the possibility of rehabilitation, his limited drug history, and his cooperation with authorities.

Canty-Neely was convicted of possession of cocaine with the intent to deliver, a Class ID felony; attempted tampering with evidence, a Class IIA felony; and attempted child abuse, a Class IV felony. See, Neb. Rev. Stat. § 28-416(1)(a) (Cum. Supp. 2024) (prohibited acts; violations; penalties); Neb. Rev. Stat. § 28-405 (Cum. Supp. 2024) (controlled substances; schedules); Neb. Rev. Stat. § 28-201 (Reissue 2016) (criminal attempt); Neb. Rev. Stat. § 28-922 (Cum. Supp. 2024) (tampering with physical evidence); Neb. Rev. Stat. § 28-707 (Cum. Supp. 2024) (child abuse).

Canty-Neely's sentence of 10 to 12 years' imprisonment for possession of cocaine with the intent to deliver is within the statutory sentencing range for Class ID felonies, which are punishable by a mandatory minimum of 3 years' imprisonment and maximum of 50 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2024) (felonies; classification of penalties). Canty-Neely's sentence of 1 to 2 years' imprisonment for attempted tampering with evidence is within the statutory sentencing range for Class IIA felonies, which are punishable by a minimum of no imprisonment and a maximum of 20 years' imprisonment. See *id*. And Canty-Neely's sentence of 1 to 2 years' imprisonment for attempted child abuse is within the statutory sentencing range for Class IV felonies, which are punishable by a minimum of no imprisonment and a maximum of 2 years imprisonment followed by 0 to 12 months of post-release supervision and/or a $10,000 fine. See, *id*.; Neb. Rev. Stat. § 29-2204.02(4) (Reissue 2016). Canty-Neely also received a substantial benefit from his plea agreement, wherein three felony charges were dismissed and two felony charges were reduced.

Although Canty-Neely contends that the district court failed to give adequate weight to the possibility of rehabilitation, his limited drug history, and his cooperation with authorities, a sentencing court is not required to articulate on the record that it has considered each sentencing factor, nor to make specific findings as to the facts pertaining to the factors or the weight given them. *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021).

According to the PSR, Canty-Neely is 35 years old, single, and has four dependents. He obtained a GED. His criminal history includes eight convictions for driving during suspension; three convictions for failure to appear; two convictions each for DUI and driving during revocation; one conviction each for smuggling contraband into prison, receiving a bribe, second offense DUI, possession of marijuana, possessing or consuming an open alcohol container, second offense possession of marijuana (1 oz or less), attempted possession of a controlled substance with the intent to deliver, and possession of K2 or synthetic marijuana (1 oz or less); and various traffic offenses. And after being charged in the instant case and while out on bond, Canty-Neely was charged with fourth offense DUI, possession of a controlled substance, refusal to submit to a test with three prior convictions, and fourth or subsequent driving during revocation. Canty-Neely has

violated terms of probation, post-release supervision, and parole, and he has an active warrant in Georgia. Canty-Neely reported use of alcohol, daily use of marijuana, and social use of cocaine. The probation officer reported that Canty-Neely "does not believe that he has a problem with alcohol even though he has had three prior DUI charges and [has] a pending fourth DUI charge" and that Canty-Neely "engages in denial and minimization." The level of service/case management inventory assessed Canty-Neely as a very high risk to reoffend and the standardized risk assessment reporting format for substance abuse offenders assessed him as a high risk to reoffend.

Based upon factors including that the sentences imposed were within the applicable statutory sentencing ranges; the substantial benefit that Canty-Neely received from his plea agreement; his considerable criminal history, including charges received while out on bond in the instant case; his previous violations of probation, post-release supervision, and parole; his high to very high risk to reoffend; the serious nature of the offenses; and his denial and minimization regarding the offenses, the sentences imposed by the district court were not an abuse of discretion.

However, regarding the 219 days of credit for time served that the court applied to the sentence imposed for Canty-Neely's possession of cocaine with the intent to deliver, we note plain error due to the court's failure to comply with the Nebraska Supreme Court's dictates in *State v. Nelson*, 318 Neb. 484, 499-500, 16 N.W.3d 883, 894 (2025), wherein the court stated:

> We now hold that when a court imposes multiple sentences contemporaneously, whether such sentences are ordered to be served consecutively or concurrently, all available credit for time served under § 83-1,106(1) is applied just once, to the aggregate of all terms imposed. This procedure is in full accord with the foundational principle first recited by the Court of Appeals in *Sanchez* more than 30 years ago: "Credit for presentence incarceration is properly granted only against the aggregate of all terms imposed[, and the] *total* length of time to be served under the sentences is reduced by the time already served before sentencing." We continue to adhere to this principle, but we no longer see a reason to endorse different procedures for applying credit under § 83-1,106(1), depending on whether consecutive or concurrent sentences are imposed. With the benefit of hindsight, we think a uniform procedure for applying available jail credit to multiple sentences will be simpler to use, will be easier to understand, and may help reduce confusion when calculating the total amount of time a defendant will serve on contemporaneously imposed sentences.

> We also clarify that when a court applies all available credit against the aggregate of all sentences imposed contemporaneously, there is no reason to mechanically attach such credit to any particular sentence.[46] The formality of identifying just one sentence to receive all available credit is neither accurate, nor necessary, when all available credit is being applied to the aggregate of all terms imposed.

Here, the district court applied the 219 days of credit for time previously served only to Canty-Neely's sentence imposed for possession of cocaine with the intent to deliver. Pursuant to the Nebraska Supreme Court's dictates in *Nelson*, the credit must be applied, just once, to the aggregate of all the terms imposed. Accordingly, we modify the court's sentencing order to state that "Canty-Neely is entitled to 219 days of credit for time served against the aggregate of all terms

imposed in CR24-110." We further direct the district court, upon spreading the mandate, to modify the commitment accordingly, using the same language.

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Canty-Neely's final assignment of error is that his "[t]rial counsel was deficient." Since the Nebraska Supreme Court released its opinion in *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019), it has been the law that assignments of error on direct appeal regarding ineffective assistance of counsel must specifically allege deficient performance. And an appellate court will not scour the remainder of the brief in search of such specificity. As Canty-Neely's assignment of error clearly lacks the specificity required, we decline to address it, and this claim is not preserved for postconviction review.

CONCLUSION

For the reasons stated here, we affirm Canty-Neely's convictions and reject his claim of ineffective assistance of counsel for lack of specificity. Further, we affirm the sentence imposed, except we modify the sentencing order to correct the award of credit for time served to be served against the aggregate of all terms of imprisonment imposed.

AFFIRMED AS MODIFIED.